# LEONORA A. GETZ

### *vs.*

# ROBERT M. JOHNSTON ET AL.

*Mortgages—Injunction Against Sale—Record of Assignment—*
*Attachment Suit—Interpleader by Mortgagor—*
*Amendment of Bill.*

A mortgagor may maintain a bill for an injunction against a sale under the mortgage by one refusing to allow credit for a payment alleged to have been actually made on the mortgage debt, but as a prerequisite to such relief the mortgagor must pay into court, or to the mortgage creditor, the amount of the debt which is admitted. p. 547

An assignment of a mortgage is not a deed "by way of mortgage" within the exception in Code, art. 21, sec. 19, authorizing any deed of or relating to land, except deeds by way of mortgage, to be recorded after the period of six months, and making a deed so recorded valid as against the grantor, his heirs or executors. p. 547

A mortgagor, in whose hands an attachment has been laid to enforce a claim against an assignee of the mortgage, who has subsequently reassigned to another, cannot maintain a bill of interpleader against the attaching creditor and the two successive assignees to determine who is entitled to the balance due on the mortgage, the mortgagor not being an indifferent stakeholder of a definite fund to which the defendants make conflicting claims, but there being a dispute as to the amount of the balance due on the mortgage, and the assignee of the mortgage, or the garnishee in his behalf, having ample opportunity to assert his rights in the attachment proceeding. pp. 546, 548

A deed of assignment of a mortgage, although unrecorded, is effective from its date, as a contract for a conveyance, as against an attachment suit by a creditor of the mortgagee. p. 549

A bill by a mortgagor against the holder of the mortgage to have a dispute as to the true amount of the mortgage claim decided, may properly be amended by adding allegations that proceedings for a sale under the mortgage have actually been instituted, and by filing as exhibits a transcript of the record of such proceedings and copies of cancelled checks showing the disputed payments on the mortgage, but not by adding a prayer for a declaratory decree under Code, art. 16, sec. 27.      p. 549

Since General Equity Rule No. 31 provides that it shall not be necessary to dismiss the entire bill, because of the misjoinder of parties, but that the court may dismiss it as to the parties improperly joined, a bill by a mortgagor against the mortgagee to settle a dispute as to the amount of the mortgage need not be dismissed as to the mortgagee merely because other parties were improperly joined for interpleader purposes. p. 549

*Decided June 26th, 1923.*

Appeal from the Circuit Court of Baltimore City (Duffy, J.).

Bill by Leonora A. Getz against Robert M. Johnston, Anna Florence Getz, individually, as sole legatee and as executrix of her deceased husband, Frederick E. Getz, and Louisa Getz, asking that the defendants be required to interplead, and for other relief. From a decree for defendants, plaintiff appeals. Affirmed in part and reversed in part.

The cause was argued before Boyd, C. J., Briscoe, Thomas, Pattison, and Offutt, JJ.

*Henry H. Dinneen,* with whom was *Harry M. Benzinger* on the brief, for the appellant.

*George S. Yost,* with whom were *Niles, Wolff, Barton & Morrow* on the brief, for the appellees, Robert M. Johnson and Anna Florence Getz.

URNER, J., delivered the opinion of the Court.

The demurrers to the bill of complaint in this case have the effect of admitting the following allegations of fact:

1.   That on September 17th, 1920, the plaintiff borrowed $2,000 from Frederick E. Getz and secured the payment of the loan by a mortgage of certain leasehold property in the City of Baltimore.

2.   That the plaintiff subsequently paid $503 to the mortgagee on account of the principal of the loan, and that the amount now due on the mortgage is $1,497 with interest thereon from July 17th, 1922.

3.   That the mortgagee died in the City of New York, after the payment in reduction of the principal of the mortgage debt, and his estate is being administered in that city by his widow as the executrix of his will.

4.   That on September 7th, 1922, two deeds of assignment of the mortgage were recorded among the Land Records of Baltimore City, one dated November 20th, 1920, from the mortgagee to his wife, and one dated August 5th, 1922, from the latter, as executrix and sole legatee under her husband's will, to Robert M. Johnston.

5.   That on September 14th, 1922, a non-resident attachment for $1,500 against the widow and executrix of the deceased mortgagee was laid in the hands of the plaintiff as garnishee, in order to bind the balance due by her on the mortgage.

6.   That foreclosure proceedings were proposed to be instituted by Robert M. Johnston, as assignee of the mortgage, unless payment were made of the balance of the debt which it secured.

7.   That there is a dispute as to the amount owing on the mortgage, the payment made by the plaintiff on the principal of the loan having been denied.

A conclusion of law, stated in the bill, which the demurrer did not have the effect of admitting, was that both of the deeds of assignment referred to were ineffective because the

one from the original mortgagee to his wife was not recorded within six months after its date, and the one from the latter as executrix and legatee under her husband's will, probated in New York, was executed by her without any authority or title derived from ancillary administration in this State, where the mortgaged property is located.

The bill alleged the plaintiff's inability to decide between the conflicting claims of the attachment creditor and the holder of the mortgage, and tendered payment into court of the balance determined to be due.

The defendants named in the bill are Robert M. Johnson, the holder of the mortgage, Anna Florence Getz, widow of the deceased mortgagee, in her capacities as an individual and as executrix and legatee under his will, and Louisa Getz, the attachment creditor.

The specific prayers of the bill were that the defendants be required to interplead, that the attachment suit and the foreclosure of the mortgage be restrained, and that upon payment of the amount found to be due on the mortgage, to the person determined to be entitled, a trustee be appointed to execute a release. A prayer for general relief was included in the bill.

An answer consenting to a decree of interpleader was filed by the attachment creditor, while the two other defendants filed demurrers. The appeal is from a decree sustaining the demurrers, denying an application to amend the bill in certain particulars to be presently mentioned, and dismissing the bill without prejudice to the right of the plaintiff to proceed in such other action as may be appropriate.

It is conceded that if the bill of complaint should be regarded only as a formal bill of interpleader, it would be demurrable because it shows that the plaintiff is not an indifferent stakeholder of a definite fund to which the defendants make conflicting claims, but is involved in a dispute with one of the defendants as to the true amount of the fund. There are other grounds upon which the bill, as one of inter-

pleader, is said to be demurrable. But the contention of the plaintiff is that the bill is maintainable because of its purpose to have the dispute as to the mortgage debt adjudicated, to prevent foreclosure proceedings, and to exercise the right of redemption under a decree providing for payment to a trustee authorized to release the mortgage.

There could be no serious question as to the plaintiff's right as mortgagor to maintain a bill for an injunction against a sale under the mortgage by one refusing to allow credit for a payment alleged to have been actually made on account of the mortgage debt. As a prerequisite to such relief, however, the plaintiff would have to pay into court, or to the mortgage creditor, the amount of the debt which is admitted. *Talbott* v. *Laurel Building Assn.*, 140 Md. 565. The main theory of the bill is that the defendant who claims to be the present owner of the mortgage has no interest in it which can be safely recognized. The allegations of the bill prevent the adoption of that theory. It distinctly appears from the bill that the mortgage was assigned by the original mortgagee to his wife and by her to the defendant by whom it is now sought to be enforced. The only ground upon which those transfers are challenged is that the deed of assignment from the mortgagee to his wife was not recorded within six months from its date. But it is provided by section 19 of article 21 of the Code that any deed of or relating to land, "except deeds or conveyances by way of mortgages," may be recorded after the period of six months mentioned in a prior section, "and when so recorded shall have, as against the grantor, his heirs or executors, * * * the same validity and effect as if recorded within the time" prescribed. It is argued that the deed of assignment here in question is a deed by way of mortgage and as such is excepted from the provision just cited. With this view we are unable to agree. A deed by way of mortgage is one which has the effect of a mortgage upon the property conveyed. It imposes a lien upon the granted estate. No such purpose or effect can be

attributed to a mere assignment by a mortgagee of his interest in the mortgage debt and security. If the assignment in this case had been made by an endorsement on the mortgage in the simple form sanctioned by another provision of the Code (art. 21, sec. 34), it would not have been subject to any statutory requirement that it be recorded within a specified time. Whether an assignment of a mortgage is made by that method, or by a separate deed, the rights of the assignee would be subject to the Code provision (article 66, section 25), upon which the appellant also relies, that the title to any promissory note or other evidence of debt secured by mortgage shall be conclusively presumed to be in the person holding the record title under such a conveyance. But the purpose of that enactment, as explained in *Dickey* v. *Pocomoke City Bank,* 89 Md. 296, was to avoid complications which do not arise in the present case. The debt secured by this mortgage is sought to be collected by the person whose ownership of the mortgage appears of record. The assignments under which he holds title were recorded before this suit was instituted, and no doubt is suggested as to their having been executed for valid consideration. As between the mortgagor and the holder of the record title to the mortgage, the assignments under which the latter claims are clearly effective.

It was not necessary for the mortgagor to resort to a court of equity for protection because of the institution of the attachment suit. The assignee of the mortgage, or the garnishee in his behalf, has ample opportunity to assert his rights in that proceeding. The means of protection available to the garnishee in such a situation are described in *Fetterhoff* v. *Sheridan,* 94 Md. 445. In that case it was decided that a judgment debtor in whose hands an attachment had been laid to enforce a claim against the original judgment creditor who had transferred the judgment to another person, by an assignment alleged to be fradulent, was not entitled to maintain a suit in equity to require the conflicting claimants to interplead.

The attachment is based on a claim against the original mortgagee and is designed to affect an interest of which he had been divested by an assignment duly recorded before the writ was issued. Assuming that the plaintiff in the attachment suit became a creditor of the mortgagee before his deed of assignment was recorded and without notice of its existence, it is clear that the deed, while unrecorded, was effective from its date as a contract for a conveyance against which the attachment claim cannot prevail. *Cramer* v. *Roderick,* 128 Md. 422; *Valentine* v. *Seiss,* 79 Md. 187; *Dyson* v. *Simmons,* 48 Md. 207; Code, art. 21, sec. 21.

There is consequently no ground upon which the pending suit in equity could be maintained except as between the plaintiff and the present holder of the mortgage to have the dispute as to the true amount of the mortgage claim decided. After the court below had indicated that the demurrer to the bill of complaint would be sustained, the plaintiff asked leave to amend the bill by alleging that proceedings for a sale under the mortgage had actually been instituted, by filing as exhibits with the bill a transcript of the record of such proceedings and copies of canceled checks showing the disputed payments on the mortgage, and by adding a prayer for a declaratory decree under article 16, section 27, of the Code. The propsed amendments relating to the amount and foreclosure of the mortgage would be appropriate to a purpose to which the suit is partly directed and for which we think it may be maintained. The addition to the bill of a prayer for a declaratory decree would be inappropriate.

Because of the misjoinder of other defendants with the present mortgagee, for interpleader purposes, the demurrer to the bill was properly sustained. But it was not necessary that the bill as a whole should be dismissed. General Equity Rule No. 31 provides: "It shall not be necessary to dismiss the entire bill or petition in any suit, because simply of the misjoinder of parties or the subject matter of the suit; but the court may dismiss the bill or petition, as to such of the

parties, plaintiff or defendant, as may be improperly joined, and may dismiss the bill or petition, as to such of the subject matter as may be improperly joined or included therein, so as to relieve the bill or petition of the objection of being multifarious." The application of this rule would obviate a dismissal of the bill as to the defendant mortgagee and as to the subject of the dispute in regard to the amount of the debt for which he is entitled to enforce the mortgage lien. In order that the plaintiff may have an opportunity to prosecute the suit to that extent, the decree will be reversed in part and the case remanded for further proceedings.

> *Decree affirmed in part and reversed in part and cause remanded, the costs to abide the final result.*