LEONORA A. GETZ *vs.* ROBERT M. JOHNSTON ET AL.

*Costs—Discretion of Court—Mandate of Appellate Court—To Abide Result.*

From the decision of a court of equity, in the exercise of its power and discretion to award costs as the equity of the case may require, no appeal lies.                              p. 433

An award of costs by the Court of Appeals must be respected and given validity by the lower court, and no valid decree or order can be passed in respect thereto which is not in conformity with the opinion and mandate of the former court.

p. 433

The Court of Appeals, in remanding for further hearing a case involving the appellant's right to a certain credit upon a mortgage, having provided that "the costs" should "abide the final result," and the appellant having thereafter secured a decision by the lower court that she had a right to such credit, she was entitled to the costs in that court and in the Court of Appeals.                                                    p. 434

*Decided April 9th, 1924.*

Appeal from the Circuit Court of Baltimore City (DUFFY, J.).

Petition by Robert M. Johnston in reference to costs. From a decree thereon, Leonora A. Getz appeals. Reversed.

The cause was argued before THOMAS, URNER, ADKINS, OFFUTT, and DIGGES, JJ.

*Henry H. Dinneen,* with whom was *Harry M. Benzinger* on the brief, for the appellant.

*George S. Yost* and *Niles, Wolff, Barton & Morrow,* submitting on brief, for the appellee.

DIGGES, J., delivered the opinion of the lower Court.

This is an appeal from a decree of the Circuit Court of Baltimore City, dated October 9th, 1923, by which it was adjudged, ordered and decreed that each of the parties to these proceedings pay his own costs, both in that court and in the Court of Appeals.

The said decree was passed by the Circuit Court of Baltimore City, after a hearing and arguments, upon the petition of Robert M. Johnston, the appellee, and answer thereto of Leonora A. Getz, the appellant, filed in a cause in that court depending, entitled *Leonora A. Getz v. Robert M. Johnston et al.* The said petition was filed on September 13th, 1923, and contains substantially the following allegations:

That on the 23rd day of October, in the year 1922, the
plaintiff appellant filed her bill of complaint in this honor-
able court, alleging that there were conflicting claims to the
proceeds of the mortgage executed by her on the 17th day of
September, 1920, and that there was a dispute as to the
amount then due upon said mortgage, and praying that a de-
cree of interpleader be signed requiring your petitioner and
the other defendants to interplead and set forth their re-
spective claims to the proceeds of said mortgage.

That a demurrer was interposed to said bill of complaint,
which demurrer was sustained by decree dated February 1st,
1923.

That the plaintiff appealed from this decree to the Court
of Appeals of Maryland, which Court held that the plaintiff
had not made out a case of conflicting claims such as entitled
her to maintain her bill of interpleader, but further held
that the lower court should have retained jurisdiction in or-
der to determine the alleged controversy as to the amount
due upon said mortgage. The Court of Appeals failed to put
the costs on either of the parties, but decreed that they
should abide the final result. ·

That your petitioner acquired title to said mortgage by
assignment dated August 5th, 1922, and recorded among the
Land Records of Baltimore City on September 17th, 1922,
and immediately notified the mortgagor, or her attorney, that
he was the holder of said mortgage. That when said mort-
gage became due on September 17th, 1922, your petitioner
demanded payment thereof, but the mortgagor, through her
attorney, claimed that there had been a payment of five hun-
dred and three dollars on account of the principal of said
mortgage and offered to pay the difference between the face
amount of the mortgage and the amount of the alleged pay-
ment. That your petitioner had no record of any such pay-
ment and no knowledge thereof. That upon the advice of
his counsel he finally agreed to accept the sum of fourteen
hundred and ninety-seven dollars and accrued interest in
settlement, and on or about October 15th, 1922, executed a

release thereof and forwarded it to his attorneys in Balti-
more. That through his counsel he advised the counsel for
the mortgagor that he was willing to accept the amount
offered by the mortgagor in settlement of said mortgage, and
was informed by her counsel that she could not make settle-
ment because of attachment proceedings, referred to in the
bill of complaint having been instituted, and that because of
these proceedings the mortgagor could not determine who
was entitled to the payment. That the petitioner or his
counsel was advised that the mortgagor proposed to file a bill
of interpleader in this court for the purpose of determining
who was entitled to the proceeds of the mortgage. That your
petitioner disputed the right of the mortgagor to file a bill
for this purpose and renewed his offer to accept the amount
of fourteen hundred and ninety-seven dollars and accrued
interest in settlement as shown by petitioner's Exhibit No.
6, the said exhibit being a letter from George S. Yost, coun-
sel for the petitioner, to Harry M. Benzinger, counsel for
the mortgagor. That in spite of the position taken by the
petitioner and his offer to accept the amount claimed by the
mortgagor to be due, and to deliver a release upon the pay-
ment of said amount, the mortgagor did file a bill of inter-
pleader.

That upon the foregoing facts, which were not before the
Court of Appeals when the case was considered by that tri-
bunal, it is clear that there is not now, nor was there ever
after October 15th, 1922, a *bona fide* dispute as to the
amount due upon said mortgage; that the petitioner was al-
ways ready to accept the amount of fourteen hundred and
ninety-seven dollars and accrued interest in settlement of
said mortgage, but that the mortgagor refused to pay said
amount, because, in her opinion, there was some question as
to the title of the petitioner to the said mortgage, and not
because of any dispute as to the amount due thereon. That
the question, for the determination of which the Court of
Appeals held that this court should have retained jurisdic-
tion, never was a real question, although from the allega-

tions of the bill of complaint, from which alone the Court of Appeals could draw its conclusions, there was apparently a *bona fide* dispute as to this amount. That upon the facts hereinbefore recited the costs, both in this court and in the Court of Appeals, should be placed upon the mortgagor, as the only question about which there ever was a dispute was the question of title raised by the mortgagor, and which was decided adversely to her in the Court of Appeals.

The prayer of the petition is for the passage of an order putting the costs in this case, both in the lower court and the Court of Appeals, upon the mortgagor, complainant herein.

In her answer the appellant averred that the only substantial question left open for decision, after the decree and mandate of the Court of Appeals upon the former appeal, was whether the mortgagor had or had not paid the said sum of five hundred and three dollars on account of the principal of said mortgage, this payment having been denied by this appellee in the former case, and that the Circuit Court of Baltimore City, to which the former case was remanded, having decided that she had paid said sum, the costs directed "to abide the event" should be assessed against the said Robert M. Johnston, the appellee.

Upon the aforegoing petition and answer the Circuit Court of Baltimore City, on October 9th, 1923, passed the following decree:

> "The above cause coming on to be heard on the petition of Robert M. Johnston with reference to the costs, and the answer thereto, counsel for respective parties were heard and the proceedings were read and considered, and it appearing to the court that the question of the amount due upon the mortgage referred to in said proceedings has been heretofore disposed of in the foreclosure case of Robert M. Johnston, Assignee, vs. Leonora A. Getz in this court,
>
> "It is thereupon this 9th day of October, 1923, by the Circuit Court of Baltimore City, adjudged, ordered and decreed that each of the parties to these

proceedings pay his own costs, both in this court and in the Court of Appeals."

From said order and decree of the Circuit Court of Baltimore City, the appellant, Leonora A. Getz, has appealed.

Leonora A. Getz, the appellant, is the owner of a leasehold property in Baltimore City; in September, 1920, she executed a mortgage on said property to her brother-in-law, Frederick E. Getz, to secure the payment of two thousand dollars borrowed from him.

By sundry assignments the title to said mortgage and the debt secured thereby, became vested in the appellee, Robert M. Johnston.

On October 23rd, 1922, the appellant mortgagor filed a bill in the Circuit Court of Baltimore City against the appellee, Robert M. Johnston *et al.,* in which bill was alleged, among other things, the execution of the mortgage as above stated; that the amount due on said mortgage was the sum of fourteen hundred and ninety-seven dollars and interest from July 17th, 1922, thereby claiming a payment of five hundred and three dollars, on account of principal; that the mortgagee died in the city of New York after the payment and reduction of the principal of the mortgage debt, and his estate was being administered in that city by his widow, as the executrix of his will; that on September 7th, 1922, two deeds of assignment of the said mortgage were recorded among the Land Records of Baltimore City, one dated November 20th, 1920, from the mortgagee to his wife, and one dated August 5th, 1922, from the latter, as executrix and sole legatee under her husband's will, to Robert M. Johnston; that on September 14th, 1922, a non-resident attachment for fifteen hundred dollars against the widow and executrix of the deceased mortgagee, was laid in the hands of the plaintiff appellant as garnishee, in order to bind the balance due by her on the said mortgage; that foreclosure proceedings were proposed to be instituted by Robert M. Johnston, as assignee of the mortgage, unless the balance of the debt which it secured was paid; that there is a dispute

as to the amount owing on the mortgage, the payment made by the plaintiff appellant on the principal of the loan having been denied; the inability of the plaintiff to decide between the conflicting claims of the attachment creditor and the holder of the mortgage, and that she tendered payment into court of the balance of payment determined to be due. The defendants named in the bill were Robert M. Johnston, the holder of the mortgage, Anna Florence Getz, widow of the deceased mortgagee, in her capacities as an individual and as executrix and legatee under his will, and Louisa Getz, the attachment creditor.

The bill prayed that the defendants be required to interplead, that the attachment and foreclosure of the mortgage be restrained, and that upon payment of the amount found to be due on the mortgage to the person determined to be entitled, a trustee be appointed to execute a release; and also for general relief.

To this bill the defendants, Robert M. Johnston and Anna Florence Getz, demurred. After a hearing the Circuit Court of Baltimore City passed a decree sustaining the demurrer and dismissing the bill. From the said decree an appeal was taken to this Court by Leonora A. Getz, the appellant here, that case being *Leonora A. Getz v. Robert M. Johnston et al.,* reported in 143 Md. 543.

In the opinion in that case this Court, through JUDGE URNER, held that the decree of the lower court, in so far as it related to the prayer of interpleader, should be affirmed, but that the Circuit Court of Baltimore City should have retained the bill to have the dispute as to the true amount of the mortgage claim decided.

At the close of the opinion this Court used the following language: "Decree affirmed in part and reversed in part and cause remanded, the costs to abide the final result."

From the above statement of facts, as obtained from the record in this case, and the reported case of the parties hereto in 143 Md. 543, it will be seen that the single issue presented for determination by this appeal is the power of the

Chancellor below to pass the decree of October 9th, 1923, in reference to the payment of costs.

This involves an inquiry as to whether this Court, by its opinion and mandate in the former case, reported in 143 Md. 543, did or did not award the costs.

If it did not, it is clear that the Circuit Court of Baltimore City had full power and discretion to award costs, as the equities of the case might require; and from its decision in the exercise of such power and discretion no appeal lies. *Miller's Equity Procedure*, sec. 278; *Horn* v. *Bohn,* 96 Md. 8; *Hamilton* v. *Schwehr,* 34 Md. 107; *Dodge* v. *Stanhope,* 55 Md. 113; 7 *R. C. L.* 783; 11 *Cyc.* 32.

If it did, it is equally well settled by reason and authority that the Circuit Court of Baltimore City was bound to respect, and give validity to, such award, it had no discretion as to the payment of costs, and could pass no valid decree or order in respect thereto, which was not in conformity with the opinion and mandate of this Court. *Maloy* v. *McLean,* 140 Md. 306.

To determine this question requires a construction of the language used by this Court in 143 Md. 543, as above quoted, and particularly the term, "the costs to abide the final result."

In 1 *C. J.* 306, among the definitions given of the word "abide" are, "to conform to," "to be governed by," these expressions define it in the sense above used; therefore the term, "the costs to abide the final result," is equivalent to and synonymous with, the costs to conform to the final result, or the costs to be governed by the final result. In 11 *Cyc.* 222, in a discussion of this subject it is stated that "there is considerable difference in the holdings of the New York courts with respect to the proper construction of the term 'with costs to abide the event.' To this extent at least all of the decisions agree: Where the appellant obtains a judgment of reversal 'with costs to abide the event,' and is also successful on the new trial, he is entitled to the costs of both trials and of the appeal." And in 7 *R. C. L.* 801, the rule

is thus stated: "On reversal, following the usual rule, the costs will generally go to the prevailing party, that is, to the appellant."

In 143 Md. 543, the appellant, who is also the appellant in this case, was successful in securing a reversal and the case was remanded for a further hearing, to determine whether or not she was entitled to the credit of five hundred and three dollars, on account of the principal of the mortgage, which said credit she claimed in the former case. Upon the final hearing and determination of that question, she was successful, and therefore, under the language used by this Court in remanding the case in 143 Md. 543, she is entitled to costs in the lower court and in the Court of Appeals.

We are of the opinion that this Court, in using the language that it did, to wit: "the costs to abide the final result," intended that if the appellant failed to establish her credit of five hundred and three dollars, for which she contended, and which was denied and resisted by the appellee, she would not be entitled to the costs, but if she succeeded in establishing her right to such credit she would be entitled to the costs in the lower court and in the Court of Appeals.

For the reasons given, the decree and order appealed from must be reversed.

*Decree reversed with costs, and cause remanded in order that a decree may be passed in conformity with opinion of this Court.*