WILLIAM M. MALOY, Individually and as Adminis-
TRATOR,

*vs.*

GEORGE McLEAN et al.

GEORGE McLEAN et al.

*vs.*

WILLIAM M. MALOY, Individually and as Adminis-
TRATOR.

*Costs—Briefs in Appellate Court.*

It is proper to tax, as part of the costs on appeal, the cost
of printing briefs in the Court of Appeals.                p. 309

The lower court is bound by the decision of the Court of
Appeals as to the incidence of costs as between the parties.
p. 309

The costs in the Court of Appeals, the docket costs in the
lower court, the cost of a certified copy of the opinion of the
Court of Appeals, and the cost of taking and transcribing the
court copy of testimony, were properly taxed as costs.
pp. 307, 309

*Decided January 25th, 1922.*

Appeals from the Circuit Court No. 2 of Baltimore City
(STUMP, J.).

Petition by William M. Maloy, in his own right and as
administrator of Colin McLean, deceased, and others, for
the issue of a writ of attachment for costs against George
McLean and Josephine Dall, which was granted.   From a
decree rendered upon a motion to quash the attachment, both
petitioners and respondents appeal.   Reversed on petitioners'
appeal and affirmed on respondents' appeal.

The cause was argued before BOYD, C. J., BRISCOE, TURNER, STOCKBRIDGE, and OFFUTT, JJ.

*Roger Howell and George M. Brady,* with whom was *John S. L. Yost* on the brief, for William M. Maloy *et al.*

*Frank Gosnell,* with whom was *Marbury, Gosnell & Williams* on the brief, for George McLean and Josephine Dall.

STOCKBRIDGE, J., delivered the opinion of the Court.

When the Circuit Court No. 2 of Baltimore City decided the case of *McLean et al.* v. *Maloy et al.,* the decree concluded with these words: "The costs to abide the action of the Court of Appeals."

On appeal to this Court (136 Md. 467), this Court affirmed the decree of the Circuit Court No. 2, and concludes— "Decree affirmed, with costs."

After the decision of this Court, to which reference has already been made, an attachment for costs was issued from the Circuit Court No. 2 of Baltimore City, upon the receipt of the mandate of this Court. A motion was then made to quash the writ of attachment, and in the ruling upon that motion the judge of the Circuit Court No. 2 divided his decree into four separate paragraphs. The first two of these were as follows:

"First. That under the proper construction of Rules 38 and 40 of the Court of Appeals of Maryland, the costs of printing briefs in the Court of Appeals are not chargeable as part of the costs of the case, except as provided in Section 2 of Rule 38, although the practice has been otherwise according to evidence produced by the defendants, and accordingly the motion to quash will be and it is hereby granted as to the amount of $475.00, being the amount paid for briefs in the Court of Appeals, by the defendants, William M. Maloy *et al.*"

"Second: That the remaining costs in the Court of Appeals, amounting to $23.20, the docket costs in

this court amounting to $106.20, the cost of the certified copy of opinion of Court of Appeals, amounting to $2.00. and the costs of taking and transcribing the court copy of the defendants' testimony, amounting to $989.50, aggregating in all $1,120.90, are properly chargeable as costs, and the motion to quash as to that amount will be, and it is hereby, denied."

From this decree cross-appeals were taken by the parties to the case, and those appeals constitute the record in the present case.

The matter at issue upon this appeal will accordingly be seen to be one of practice and interpretation of the rules of this Court rather than one of substantive law. A number of phases of this question were considered in the case of *Doub* v. *Mason,* 5 Md. 612, in an opinion rendered by CHIEF JUSTICE LeGRAND, but the conditions now presented differ so widely from those in the *Doub* v. *Mason case, supra,* as to make that opinion not in point in the present case.

As now presented to this Court, the case is practically narrowed to the propriety, under the rule, of charging the cost of printing the briefs as a part of the costs of the case. Some confusion has arisen by the use in the rules of the expressions "briefs" and "printed arguments." A long established course of construction has treated the cost of printing the briefs as a proper element of the costs of a case, while Rule 40 (section 51 of article 5 of the Code) would seem to exclude the cost of printed arguments as a proper element to enter into the make up of a bill of costs.

An examination of the Code will show that section 51 is but a codification of a rule, existing long prior thereto, under which the practice in this State had become well settled and finally established. This condition of confusion has been increased by the loose use of the terms "briefs" and "printed arguments," and in many instances they seem to have been used interchangeably.

In view of the long established practice, this Court is sat-
isfied that there was error in the decree of the Circuit Court
No. 2 of Baltimore City, in so far as it granted the motion
to quash the attachment as to the amount paid for the briefs
filed in this Court by the appellees in the case of *McLean* v.
*Maloy,* reported in 136 Md., and that to that extent the de-
cree of the lower court must be reversed.

There are additional reasons for this conclusion.    To sus-
tain the first paragraph of the decree appealed from in this
case would in effect give to the Circuit Court No. 2 the power
to nullify the action of this Court upon a matter upon which
its adjudication had been made and was necessarily final, a
situation which cannot be sanctioned by any line of reason.

It is further to be observed in this connection that the prac-
tice now sought to be employed would operate to practically
attack collaterally a matter finally adjudicated by this Court.
Such an attack can only be recognized when seasonably made
in a direct application for that purpose, never by a collateral
attack not seasonably made.    Therefore the decree of the Cir-
cuit Court No. 2 will be reversed as to the matter contained
in the first paragraph, which now appears here in the appeal
of No. 57.

This Court is further of the opinion that there was no
error in denying the motion to quash as to the items men-
tioned in the second paragraph of the decree, and to this
extent the decree now appealed from will be affirmed.

See also the case of *Jordan* v. *The James and Holmstrom
Piano Company,* 140 Md. 207.

The costs in No. 57 to be paid by the appellees in that
case; and those in No. 58 by the appellants in that case
above and below.