9 Mich. App. 22 (1967)
155 N.W.2d 696
In re GREENING ESTATE.
GRIFFIN
v.
GRASSLEY.
Docket No. 2,766.
Michigan Court of Appeals.
Decided December 5, 1967.
Thomas E. Griffin, and William P. Cooney, for plaintiff.
Francis W. McCauley, for defendants.
*24 QUINN, J.
Appellants here appealed to Monroe county circuit court from orders of Monroe county probate court, which disallowed their objections to the account of the executor of the above estate, appointed a trustee, assigned residue and allowed the first and final account of the executor. At the conclusion of proofs and argument on appeal, the trial judge affirmed the probate court. This occurred July 20, 1966. July 26, 1966, appellee noticed for settlement August 3, 1966, an order implementing the oral opinion of July 20, 1966. August 2, 1966, appellee renoticed such order for settlement August 11, 1966, and noticed for hearing the same date a petition for damages for delay and vexation caused by the appeal pursuant to PA 1961, No 236, § 2445(3) (CLS 1961, § 600.2445[3] [Stat Ann 1962 Rev § 27A.2445 (3)]) together with statutory and court rule costs. On August 11, 1966, after a hearing, the trial court allowed appellee damages of $3,331.14, but the order signed that day did not include such damages; it only affirmed the probate court. To correct this omission, on September 1, 1966, appellee noticed for settlement September 19, 1966 a nunc pro tunc order which corrected the omission and ordered payment of the damages awarded August 11, 1966. The trial court executed the nunc pro tunc order and appellants again appeal.
Appellants raise no question as to the authority for or propriety of the damage award nor do they question the amount thereof. The only basis for the appeal advanced by them is that appellee waived his right to damages because of his failure to tax them as costs within 20 days of the award. This unique argument is founded on the assertion that the damage award is taxable as costs under GCR 1963, 526.13(1), and that GCR 1963, 526.10(2) provides that unless a bill of costs is presented to the clerk within 20 days after judgment is signed, the right *25 to costs is waived. Thus, it is argued that appellee had 20 days from August 11, 1966, to tax his costs; not having done so, the right is lost and cannot be restored by noticing a nunc pro tunc order on September 1, 1966.
The nunc pro tunc order signed September 19, 1966, properly supplied an omission to the record of the court of the action by the court August 11, 1966, in awarding damages. The propriety of a nunc pro tunc order under such circumstances is recognized in Magoun v. Walker (1938), 286 Mich 686, at 690, and cases cited therein. That order provided for a judgment of $3,331.14 against appellants and it is in no sense "costs" which "are to be taxed by the clerk" within the meaning of GCR 1963, 526.10(2) relied on by appellants. We reach this conclusion on the basis of the plain language of the statute which treats damages for dilatory or vexatious appeal as being separate and different from ordinary costs on appeal.[1]
This result is so apparent to this Court that we are satisfied it must have been equally apparent to appellants' counsel, and we find this appeal vexatious. On receipt of necessary information as indicated in GCR 1963, 816.5(2),[2] we shall assess punitive damages as provided in said rule.
Affirmed, with costs in all courts to appellee.
LESINSKI, C.J., and BAUM, J., concurred.
NOTES
[1] "The appellee may be awarded damages for the delay and vexation caused by the appeal, to be assessed in the discretion of the court, in addition to costs on appeal, if the appellant does not improve his position on appeal." PA 1961, No 236, § 2445 (CLS 1961, § 600.2445 [Stat Ann 1962 Rev § 27A.2445(3)]).
[2] See 373 Mich lxiv.