**LOCAL 2, INTERNATIONAL BROTH-
ERHOOD OF TELEPHONE WORK-
ERS, Plaintiff, Appellee,**

v.

**INTERNATIONAL BROTHERHOOD OF
TELEPHONE WORKERS, Defendant,
Appellant.**

**No. 7332.**

United States Court of Appeals
First Circuit.

Oct. 1, 1969.

Joseph T. Doyle, Boston, Mass., for appellant.

Warren H. Pyle, Boston, Mass., with whom Angoff, Goldman, Manning & Pyle, Boston, Mass., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Following our previous decision in this case, 362 F.2d 891, 1966, cert. denied 385 U.S. 947, 87 S.Ct. 321, 17 L.Ed.2d 226, the International Union returned to Local 2 the payment which we there ruled to have been illegally collected. It did not return the corresponding payments made by other locals, with the re-sult that the individual members of those locals from whom, under our holding, there had been unlawful exactions, were not made whole, nor did it offer to do so. Rather, the International Union voted assessments on all local unions in the precise amounts hitherto collected, and provided that those payments which had not been refunded by International should be credited. In other words, the status quo immediately prior to the original litigation was voted to be continued or, to the extent that it had been interrupted, namely, with respect to Local 2, restored.

■ Local 2 sought an injunction against the collection of its assessment as being in violation of the prior decree. The district court made such an order, stating that it would reserve the question of attorneys' fees, damages and costs pending International's appeal.

In the course of oral argument on appeal we remarked that we thought we had made it abundantly clear that an assessment could not be made upon past members who were not current members. Appellant replied that it was not doing this; that the 1967 assessment was upon the present members, and was merely measured by the size of the past membership at a certain date.

We do not rely on the fact that, seemingly, counsel's response was precisely the opposite of what the record shows he told the membership prior to the 1967 vote, when it was challenged as being contrary to our decision.

"This is an assessment against the whole International Union, *every individual member that was a member during the period September 1, 1964 through June 30, 1965.* This is an assessment, an overall assessment. And it is for that period of time that the court said that the increase in dues was improper." (Emphasis suppl.) Conceivably, although it does not presently so appear to us, see Articles XIV through XVIII of International's 1967 Constitution, by "every individual member" counsel was referring simply to

locales, not individual workers.* Nor need we consider whether, as a general proposition, an assessment may be divided between locals on the basis of their respective membership at some date long past. As a result of the decree International was not in an unfettered position. It had a burden of so conducting itself as to avoid trespassing on the intent of the court as made reasonably apparent. On the facts recited in the first paragraph of this opinion it did not even approach such a standard.

■ The order of the District Court is affirmed. Pursuant to Rule 38 appellee is awarded double costs. This award is without prejudice to the reserved action in the district court by way of costs, etc.

---

\* We do, however, leave this question to the district court, to assist it in determining whether the 1967 vote was so contumacious of the prior decree as to warrant the imposition of all attorneys' fees in this proceeding.