## KLOPFER *v.* WERBER

[No. 204, September Term, 1971.]

*Decided February 9, 1972.*

420

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SINGLEY and SMITH, JJ.

*Rose M. Mattingley* for appellant.

*Thomas A. Farrington,* with whom were *Sasscer, Clagett, Channing & Bucher* on the brief, for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

In *Werber v. Klopfer,* 260 Md. 486, we reversed the judgment Klopfer had obtained in his suit for libel against Werber. The mandate contained the notation "Judgment entered in favor of the appellant [Werber] against the appellee [Klopfer] for costs in this Court and in the court below."

Maryland Rule 882 provides: "In all cases in this Court the awarding of costs shall be in the discretion of this Court, but unless it is otherwise ordered by this Court costs shall be awarded against the losing party." Rule 832 says that:

> "Within ten (10) days, after the filing of a party's last brief, the party shall file with the Clerk, and serve on each counsel of record on the opposite side, a statement of printing costs which shall show the costs of printing the party's brief and appendix, printed extract or reply brief, if any, itemized to indicate print-

ing cost per page, cost of covers, any additional
time, or the like, and the total cost of printing."

Counsel for Werber did not follow the directions of
Rule 832; indeed, we inferred from his oral argument
that his acquaintance with that Rule had begun a few
hours earlier. As a result when the Clerk, following the
procedures of Rule 876, sent out the mandate thirty
days after the filing of the opinion (paragraph b of
Rule 876) the statement of costs called for by paragraph
c of Rule 876 did not show the cost of Werber's brief
($836.88)—the notation on the mandate in the space
that customarily would have had a dollar figure was "not
supplied," and did not contain an item of $40.00 of lower
court costs paid by Werber. We were moved by Werber
to amend the mandate and we refused to do so for the
reason that he had been the author of his own misfortune
in attempting to sail the Maryland appellate seas without
using the compass of the Rules. He thereupon filed a
motion in the trial court for judgment against Klopfer
for the sums of $836.88 and $40.00, and the trial court
entered an order that Klopfer pay $836.88 and $40.00 as
part of the costs of this case. We think the Circuit Court
lacked the power to so order and we will reverse.

Rule 876 a makes the mandate the sole formal evi-
dence of the final actions of this Court in every case.
Paragraph c of Rule 876 shows that the statement of
costs "taxable to the appellant and to the appellee and
of the order of this Court awarding costs" is an integral
part of the mandate. It is incumbent upon the parties
to make known to the Clerk the costs they have incurred
if those costs are to become part of the order of this
Court evidenced by the mandate. The award of costs is
of those costs shown in the mandate and if a party does
not make known to the Clerk in due time the amount of
each of his costs, he is deemed to have waived or aban-
doned his claim to repayment of any cost not furnished
the Clerk.

Rule 876 d says: "When the mandate has been trans-

mitted the lower court shall proceed according to the tenor and directions thereof." The lower court in this case did not heed this Rule but assumed a power it did not have. In *Getz v. Johnson,* 145 Md. 426, 433, Judge Mitchell Digges for the Court said:

> "This involves an inquiry as to whether this Court, by its opinion and mandate in the former case, reported in 143 Md. 543, did or did not award the costs.
>
> <div align="center">* * *</div>
>
> "If it did, it is equally well settled by reason and authority that the Circuit Court of Baltimore City was bound to respect, and give validity to, such award, it had no discretion as to the payment of costs, and could pass no valid decree or order in respect thereto, which was not in conformity with the opinion and mandate of this Court. *Maloy v. McLean,* 140 Md. 306."

<div align="right">

*Order reversed, costs to be paid by appellee.*