Earl E. TOLSON, Jr., Appellant,

v.

HANDLEY FORD, INC. and Ford Motor Company, Appellees.

No. 6948.

District of Columbia Court of Appeals.

Argued April 3, 1973.

Decided May 11, 1973.

Raphael Perl, Silver Spring, Md., with whom Harvey Rosenberg, Silver Spring, Md., was on the brief, for appellant.

David M. Kanter, Washington, D. C., for appellee Handley Ford, Inc.

William L. Fallon, Washington, D. C., with whom Austin F. Canfield, Jr., Washington, D. C., was on the brief, for appellee Ford Motor Co.

Before FICKLING, GALLAGHER and PAIR, Associate Judges.

PER CURIAM.

This appeal is from a judgment of the Civil Division of the Superior Court entered for the defendants (appellees) in an action for breach of contract.

In the complaint filed November 18, 1971, it was alleged that the plaintiff (appellant) purchased from the appellees on March 13, 1965, for $4,733.00 a company official (used) automobile, and that appellees "warranted [that the automobile was] in first-class condition, usable and serviceable in every respect." It was alleged further that notwithstanding such warranty, the automobile was in a defective condition and that appellant was required to expend large sums of money to place and maintain it in a safe and operable condition. By reason of all of this, appellant claimed that he was entitled to damages in the amount of $16,200 for which amount he demanded judgment.

Denying any breach of contract or warranty, appellees pleaded specially, as an absolute bar to the action, the statute of limitations.

Following the completion of discovery procedures, appellees each moved for summary judgment. Upon consideration of the motions and it appearing that the invoice upon which appears the word "Seal" was not an instrument under seal for the purpose of D.C.Code 1967, § 12–301(6), and it appearing further that the action commenced more than six years after the purchase of the automobile was barred by the statute of limitations, D.C.Code 1967, § 28:-2–725, the trial court entered judgment for appellees and ordered that they recover their costs.

On this appeal, appellant's contentions are so lacking in substance that any comment, beyond what we made recently in disposing of the appeal in Pine View Gardens, Inc. v. Jay's Frosted Foods, Inc., D.C.App., 299 A.2d 536 (1973), would be wholly unwarranted. *See also* United States v. Certain Land in Squares 532 and 570, etc., Parcels 1 and 9, 473 F.2d 94 (D.C.Cir. 1972); Furbee v. Vantage Press, Inc., 150 U.S. App.D.C. 326, 464 F.2d 835 (1972).

Pursuant to D.C.App.R. 38, we therefore dismiss this appeal as frivolous and assess double costs, if any, against appellant. We are, however, constrained to deny the award of any damages to appellees.

So ordered.