**Van BEVILL, Appellant,**

**v.**

**Evangelos I. BRAKATSELOS, Appellee.**

**No. 1068.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Nov. 20, 1974.

first of each month. After the trial began the plaintiff filed a trial amendment reciting that he elected to sue for the arrearage in rental payments up to date and to not exercise his remedy of recission. The trial was non-jury. Judgment was rendered for the accrued rent in the amount of $6,400, together with costs and post-judgment interest. The lessee appealed from that judgment.

The appellant presents two points of error as follows:

### First Point

The trial court erred in entering Judgment for Appellee, because the lease made the basis of the suit had no default clause which would enable Appellee to sue Appellant for a breach of the lease.

### Second Point

The trial court erred in that the greater weight of evidence showed that Appellant had discharged his obligation, if any, to Appellee by a prior payment and the lease had been cancelled.

■ The argument and authorities under appellant's first point of error are in support of the proposition that a lessor may not successfully sue for forfeiture and cancellation of a lease for non-payment of rent unless the lease contract includes a provision for such forfeiture. Those arguments and authorities are wholly irrelevant to any issue involved in this case. The lessor here did not get a judgment cancelling the lease. Instead he elected to enforce the lease contract and got a judgment for the accrued rent provided in that contract, as he may do under one of the cases cited by the appellant under its first point. Darnell v. Waldrop, 57 S.W.2d 392 (Tex.Civ.App.–Eastland 1933, no writ). There is no evidence that the lessor has retaken possession of the leased premises. Appellant's first point of error is overruled.

Thomas E. Lucas, Hal S. Hudson, Lucas & Hudson, Houston, for appellant.

Dale G. French, Thano Dameris, Dameris & French, Houston, for appellee.

TUNKS, Chief Justice.

The appellee, Evangelos I. Brakatselos, filed suit against the appellant, Van Bevill, to cancel a lease wherein appellee was lessor and appellant was lessee, and to recover the arrearage of rent under that lease. The lease is for a term of five years beginning April 1, 1972, and provides for rent of $400 per month payable on the

■ Under appellant's second point of error he argues that the preponderance of the evidence showed an accord and satisfaction by which he was discharged from any liability under the lease. The point is overruled. In the first place, the appellant did not plead either accord and satisfaction, settlement, res judicata, or payment, which are affirmative defenses and are required to be specially pleaded under Texas Rules of Civil Procedure, rules 94 and 95. His answer consisted of a general denial, a plea that "Plaintiff's alleged account sued on is not just and true," and a plea that there had been a sub-lease of the property which resulted in a novation. As to the plea of novation, the lessee admitted in his testimony that there had been no such sub-leasing agreement as alleged by him to give rise to a novation.

The evidence, although not at all clear on the matter, suggests that there had been a former lawsuit by the lessor against the lessee concerning unpaid rents under the lease. The lessee offered in evidence a check from him to the lessor in the amount of $2,026. He testified that this check was in settlement of his liability for rents under the entire lease. The lessor testified that the check was in payment of the accrued rents up to the time of settlement, plus an agreed attorney's fee, and that as a result thereof the former suit was dismissed without prejudice. Neither the pleadings nor the judgment in the prior suit, nor any other documentary evidence except the check is in evidence. The check did not recite what it was in payment of.

Aside from the fact that there was no pleading of any defense that arose out of the payment made in the former suit, the evidence as to the purpose of that payment is conflicting. No findings of fact were requested or filed. It is presumed that the trial judge resolved the conflicting evidence as to the purpose of the check favorably to the lessor. That presumed finding is not so against the weight of the evidence as to be clearly wrong.

■ As reflected from what has been said, both of appellant's points of error are wholly without merit. The appellee has filed a motion asking that we assess against the appellant a penalty of ten percent of the amount of the judgment appealed. That motion is granted on the authority of Tex.R.Civ.P. 438.

The judgment of the trial court is affirmed and there is assessed against the appellant a penalty in the amount of $640.