NORFOLK COUNTY TRUST COMPANY *vs.* NEAL M. VICHINSKY. January 20, 1977. The defendant, Neal M. Vichinsky, is an officer of a corporation whose promissory note drawn to the order of the plaintiff bank is in default. The plaintiff contends that the defendant is personally liable on the note on the basis of his unqualified signature on its reverse side. The plaintiff produced the note; the genuineness of the signatures thereon is not in dispute. See G. L. c. 106, § 3-307(2). The burden was then placed upon the defendant to disprove liability. *Carleton Ford, Inc.* v. *Oste,* 1 Mass. App. Ct. 819 (1973). Following the plaintiff's motion for summary judgment (Mass.R.Civ.P. 56, 365 Mass. 824 [1974]), the parties submitted affidavits; and an amended judgment was entered for the plaintiff pursuant to Mass.R.Civ.P. 60(a), 365 Mass. 828 (1974). Contrary to the defendant's contention, his signature on the back of the note was an indorsement, there being no clear indication within the four corners of the instrument that he was acting in a representative capacity. G. L. c. 106, § 3-402. The defendant's contention that G. L. c. 106, § 3-403(2)(*b*), permits him to demonstrate through parol evidence that he was acting not individually but in a representative capacity is without merit. The official comment to that subsection makes clear that "[a] signature as in ... [this case] personally obligates the agent and parol evidence is inadmissible under subsection (2)(a) to disestablish his obligation." Comment 3 to § 3-403 of the Uniform Commercial Code, 2 U.L.A. (Master Ed. 1968). See *Lumbermen Associates, Inc.* v. *Palmer,* 344 F. Supp. 1129 (E.D. Pa. 1972), aff'd 485 F. 2d 680 (1973). Even if the defendant were at liberty to demonstrate that it was the intent of the parties that he sign the note in his capacity as a representative of a corporation, rather than individually, he failed to offer specific underlying facts sufficient to raise this contention to the level of a genuine issue of material fact warranting trial. See *Loew* v. *Minasian,* 361 Mass. 390, 391 (1972); *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 553-554 (1976); *Commonwealth Bank & Trust Co.* v. *Plotkin,* 371 Mass. 218 (1976); *John B. Deary, Inc.* v. *Crane,* 4 Mass. App. Ct. 719, 722 (1976). Additionally, he may not now, for the first time, claim prejudice in not obtaining further answers to interrogatories where he failed to raise that question in the court below as provided by Mass.R.Civ.P. 56 (f), 365 Mass. 825 (1974). The judgment is affirmed and, as the appeal is frivolous, the plaintiff is to have double costs and interest at the rate of twelve percent per annum from the time of the taking of this appeal. G. L. c. 211A, § 15.

*So ordered.*

*Lester M. Gold* for the defendant.
*Thomas E. Connolly,* for the plaintiff, submitted a brief.