Edward William TUPLING, Appellant,

v.

Elizabeth BRITTON, Appellee.

No. 79–31, 79–557.

District of Columbia Court of Appeals.

Jan. 24, 1980.

---

Walter T. Charlton, Washington, D. C., for appellant.

Elizabeth Britton, pro se.

Before KERN, NEBEKER and MACK, Associate Judges, in chambers.

NEBEKER, Associate Judge:

Appellee seeks costs and damages from appellant pursuant to D.C.App.R. 38 which states that this court may award single or double costs and just damages against an appellant whose appeal is frivolous. Appellant contends that appellee is not entitled to such costs and damages because this court, in dismissing the appeal, did not specify that the dismissal was based on the grounds of frivolousness. We hold that appellee's motion for costs and damages pursuant to D.C.App.R. 38 is proper and that, because the appeal was frivolous, appellee should be granted single costs.

I

In January 1977, appellee filed a petition for an accounting by appellant, a custodian under the Uniform Gifts to Minors Act.[1] On October 18, 1978, the trial judge issued an order affirming the findings of the Auditor-Master which found appellant had failed to fulfill certain responsibilities under the Act. After judgment was entered against him, appellant filed timely notice of appeal. The appeal was dismissed by this court on July 9, 1979, because of appellant's continued failure to obey the rules of this court regarding the timely prosecution of appeals. On July 30, 1979, appellee filed a motion with this court seek-

---

1. D.C.Code 1973, §§ 21–301 et seq.

ing costs and damages under D.C.App.R. 38 and costs under D.C.App.R. 39(a). Appellant filed a motion to strike appellee's motion,[2] as well as a motion to remand the matter for entry of settlement in the Superior Court.[3] Having examined the record and considered the various issues raised in appellant's Civil Appeal Statement, we have concluded that the appeal was frivolous and very likely interposed for delay.[4]

We now turn to the question whether appellee is entitled to relief under D.C. App.R. 38 which states that "[i]f this court shall determine that an appeal is frivolous it may award just damages and single or double costs to the appellee." D.C.Code 1973, § 11–743, provides this court "shall conduct its business according to the Federal Rules of Appellate Procedure unless the court prescribes or adopts modifications of those Rules." D.C.App.R. 38 is essentially identical to Fed.R.App.P. 38. While this court is not bound by the federal courts' interpretations of federal rules essentially identical or similar to our rules, those interpretations may be accepted as persuasive authority in interpreting our rules. *Bazata v. National Insurance Co. of Washington*, D.C.App., 400 A.2d 313, 314 n. 1 (1979); *Campbell v. United States*, D.C.App., 295 A.2d 498, 501 (1972). The various circuits have invoked Fed.R.App.P. 38 to award appellees costs and damages against appellants who filed frivolous appeals. *See, e. g., United States v. Certain Land in Squares 532 and 570*, 153 U.S.App.D.C. 383, 473 F.2d 94 (1972); *United States v. Santa Fe Engineers, Inc.*, 567 F.2d 860 (9th Cir. 1978); *Simon & Flynn, Inc. v. Time, Inc.*, 513 F.2d 832, 834–35 (2d Cir. 1975); *Northcross v. Board of Education of Memphis City Schools*, 489 F.2d 19, 20 (6th Cir. 1973), *cert. denied*, 416 U.S. 962, 94 S.Ct. 1982, 40 L.Ed.2d 313 (1974); *Clarion Corp. v. American Home Products Corp.*, 494 F.2d 860, 865–66 (7th Cir.), *cert. denied*, 419 U.S. 870, 95 S.Ct. 128, 42 L.Ed.2d 108 (1974); *Local 2, International Brotherhood of Telephone Workers v. International Brotherhood of Telephone Workers*, 416 F.2d 414, 416 (1st Cir. 1969). Furthermore, this court has, in the past, awarded appellees costs and dam-

---

**2.** Appellant moved to strike in its entirety appellee's motion for award of costs and damages. While this court would undoubtedly order stricken scandalous or indecent material in motions or briefs, *see* Super.Ct.Civ.R. 11, there is no reason to strike appellee's motion in its entirety. Although appellee, proceeding pro se, has made statements which are less than "lawyerly," none are scandalous or indecent. Accordingly, appellant's motion to strike is denied.

**3.** Super.Ct.Civ.R. 60(b)(5) permits the trial court to relieve a party from a final judgment where "the judgment has been satisfied, released, or discharged," provided the party seeking relief makes an appropriate motion within a reasonable time. There is no indication in the record that appellant has made any 60(b)(5) motion in the trial court. The trial court is best able to determine whether the judgment has been satisfied, released, or discharged within the meaning of Super.Ct.Civ.R. 60(b)(5). Accordingly, the motion to remand for entry of settlement is denied without prejudice to appellant filing a timely motion under 60(b)(5) with the trial court. However, if appellant should timely file such a motion, that motion does not affect, nor postpone, this court's order awarding appellee costs. Appellant has dragged out matters long enough and should not be permitted to cause further delay.

**4.** Appellant raised several issues in his civil appeal statement, all of which were frivolous. For example, appellant sought to argue on appeal that appellee was an "officious intermeddler." Since D.C.Code 1973, § 21–307(e) grants appellee (maternal grandmother of the minors) standing to bring an action for an accounting under the Uniform Gifts to Minors Act, she can hardly be deemed an "officious intermeddler." Another example of a frivolous issue was appellant's assertion that money damages are not awardable in a suit for an accounting. Equity has long had jurisdiction over suits for an accounting where a fiduciary relationship exists between the parties. 4 Pomeroy's equity Jurisprudence § 1421 (Symons 5th ed. 1941); 1 Am.Jur.2d *Accounts and Accounting* §§ 50–52 at 422–25 (1962). Damages can be awarded as an incident of equitable relief. 5 Moore's Federal Practice ¶ 38.11[6], at 123 (2d ed. 1979). *See Katchen v. Landy*, 382 U.S. 323, 338, 86 S.Ct. 467, 477, 15 L.Ed.2d 391 (1966); *N.L.R.B. v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 48, 57 S.Ct. 615, 629, 81 L.Ed. 893 (1937). Accordingly, appellant's assertion that the court below could not award money damages to the minor fiduciaries as an incident to the suit for an accounting is utterly without merit.

ages pursuant to D.C.App.R. 38. *Pine View Gardens, Inc. v. Jay's Frosted Foods, Inc.,* D.C.App., 299 A.2d 536, 537 (1973) (frivolous appeal dismissed and appellant assessed costs, if any, and $100 damages as reimbursement for appellee's attorney's fees); *Tolson v. Handley Ford, Inc.,* D.C.App., 304 A.2d 634 (1973) (frivolous appeal dismissed and appellant assessed double costs, if any). Finally, it should be noted that many state courts have similar authority to award appellees costs and damages where the appeal is frivolous or interposed for delay. *See, e. g., Hugh Kelly Enterprises, Inc. v. Ferry-Morse Seed Co.,* 118 Ariz. 392, 577 P.2d 1 (1978); *In re Marriage of Schwander,* 79 Cal.App.3d 1013, 145 Cal.Rptr. 325 (1978); *In re Estate of Perini,* 34 Colo.App. 201, 526 P.2d 313 (1974); *Egerton v. Jolly,* 133 Ga. App. 805, 212 S.E.2d 462 (1975); *Manchester Insurance & Indemnity Co. v. Strom,* 122 Ill.App.2d 183, 258 N.E.2d 150 (1970); *Marshall v. Reeves,* 262 Ind. 403, 316 N.E.2d 828 (1974); *L. Frank & Co., Inc. v. Devillier's Foodliner, Inc.,* 365 So.2d 501 (La.App. 1978); *Norfolk County Trust Co. v. Vichinsky,* 5 Mass.App. 768, 359 N.E.2d 59 (1977); *In re Estate of Greening,* 9 Mich.App. 22, 155 N.W.2d 696 (1967); *McGee v. Clark,* 346 So.2d 914 (Miss.1977); *Branson v. Jordan,* 571 S.W.2d 707 (Mo.App.1978); *Heller v. Osburnsen,* 169 Mont. 459, 548 P.2d 607 (1976); *R.J. Berke & Co. v. J.P. Griffin, Inc.,* 388 A.2d 1260 (N.H.1978); *Anderson v. Jenkins Construction Co.,* 83 N.M. 47, 487 P.2d 1352 (1971); *Blue Arm v. Volk,* 254 N.W.2d 427 (N.D.1977); *Stirling v. Dari-Delite, Inc.,* 262 Or. 359, 494 P.2d 252 (1972); *Bevill v. Brakatselos,* 516 S.W.2d 209 (Tex. Civ.App.1974); *Nationwide Mutual Insurance Co. v. Tuttle,* 208 Va. 28, 155 S.E.2d 358 (1967); *Mader. v. Stephenson,* 552 P.2d 1114 (Wyo.1976). It is clear that the assessment of costs and damages against parties who file frivolous appeals is a well-established practice.

■ Awarding appellees costs and damages against appellants who bring frivolous appeals has a two-fold purpose: (1) protecting appellate dockets from unmeritorious cases which delay the hearing of cases with merit, and (2) compensation of appellees for the unwarranted loss resulting from the delay and added expense caused by frivolous appeals. *See* Advisory Committee's Note to Fed.R.App.P. 38, 43 F.R.D. 155 (1967); *Clarion Corp. v. American Home Products Corp., supra* at 865–66; *Fluoro Electric Corp. v. Branford Associates,* 489 F.2d 320, 326 (2d Cir. 1973); *Wright v. Sprague,* 563 S.W.2d 165, 166 (Mo.App. 1978); *see also* 20 C.J.S. *Costs* § 372. As professionals and officers of this court, members of the District of Columbia Bar have the obligation to exercise their independent professional judgment to determine whether a civil appeal is frivolous before filing one. Proper representation of one's client does not include the blind prosecution of appeals without objective appraisal of merit and frank discussion with the client as to his risk if the appeal is frivolous. In these days of crowded court dockets and limited judicial resources, counsel should not file a frivolous appeal merely because their client insists they do so, or seems willing to pay to keep the controversy alive. Frivolous appeals waste the time and resources of this court, delay the hearing of cases with merit and cause appellees unwarranted delay and added expense. The filing of a frivolous appeal by counsel does not constitute the exercise of independent professional judgment and ought not be tolerated by busy courts with compelling public responsibilities. We leave open the question whether, under appropriate circumstances, counsel might be subject to disciplinary action for filing an obviously frivolous civil appeal. We do wish to take this opportunity to make clear that the filing of a frivolous appeal may result in the appellant being assessed just damages in the form of appellee's attorney's fees and other reasonable expenses an appellee may incur because of the frivolous appeal.

■ Damages an appellee may recover include, but are not limited to, additional interest on the judgment. In these times of recurrent inflation, we see no reason why this court may not take judicial notice of the fact that unwarranted delays caused by frivolous appeals can reduce the effective

recovery by an appellee because of inflation. *Cf. District of Columbia v. Barriteau*, D.C.App., 399 A.2d 563, 566–69 (1979) (jury may consider impact of future inflation in arriving at future loss of income in personal injury cases). Awarding appellees additional interest on their judgments would serve the dual purpose of compensating appellees for the unwarranted loss resulting from the delay caused by frivolous appeals, and deterring appellants who might consider filing such appeals to postpone the time when they have to satisfy the judgments against them.[5] It would be unfortunate if this court refused to act when a calculating litigant filed a frivolous appeal in order to take advantage of the effects of inflation and the lagging statutory rate of interest on judgment.

## II

Although appellee's motion for costs and damages was filed after the appeal had been dismissed, this court has the jurisdiction to consider and grant her motion. Under D.C.App.R. 39(a), costs will be awarded to the appellee where the appeal is dismissed, unless otherwise agreed by the parties or ordered by this court. D.C.App.R. 39(f) states that the clerk of this court shall insert the amount of costs allowed in this court in the body of the mandate sent to the trial court. Finally, D.C.App.R. 39(g) indicates that costs on appeal are taxable in the Superior Court. In contrast, D.C.App.R. 38 is silent on how or when damages and costs awarded thereunder are to be determined.

 We hold that the timing language of D.C.App.R. 39(f) and the taxation of costs language of D.C.App.R. 39(g) are not to be read into D.C.App.R. 38. First, D.C.App.R. 38 is a rule distinct and independent from D.C.App.R. 39. Second, the entry of a judgment or order by this court and the

taxation of costs or damages are separate legal acts. *See Maryland Casualty Co. v. Jacobson*, 37 F.R.D. 427, 430 (W.D.Mo.1965). *Cf. Dorothy K. Winston & Co. v. Town Heights Development, Inc.*, 68 F.R.D. 431, 432–33 (D.D.C.1975) (failure to timely file motion to review taxation of costs does not deprive court of jurisdiction to entertain motion); *United States v. Kolesar*, 313 F.2d 835, 837 n. 1 (5th Cir. 1963) (failure to timely file motion to retax costs does not preclude court, in its sound discretion, from entertaining motion). *But see Klopfer v. Werber*, 264 Md. 419, 286 A.2d 776 (1972) (statement of costs taxable to a party is an "integral part" of the mandate and must be included in it). Third, the fact that at least three other courts have awarded appellees costs and damages against appellants after the frivolous appeal was dismissed is persuasive authority that this court may, in its sound discretion, do likewise. *See Marshall v. Reeves, supra; In re Estate of Greening, supra; Stirling v. Dari-Delite, Inc., supra.* Accordingly, we hold that this court has jurisdiction to entertain a motion for costs and damages under D.C.App.R. 38 after the appeal has been dismissed, providing that such motion is filed by the appellee within a reasonable time after the appeal has been dismissed. In this case, appellee, proceeding pro se, filed her Rule 38 motion on the twenty-first day after this court had ordered the appeal dismissed. Under D.C.App.R. 41(a), the mandate of the court will issue twenty-one days after the entry of judgment unless the time is shortened or enlarged by order. Normally, any direction as to costs will be part of the mandate. D.C.App.R. 41(a). At least one purpose of the twenty-one day delay between entry of judgment and issuance of the mandate is to give the parties to an appeal time to file appropriate motions. *Abrams v. Abrams*, D.C.App., 245 A.2d 843, 844–45 (1968). Ap-

---

5. The award of additional interest to penalize appellants who file frivolous appeals is not a novel judicial tool. *See Oscar Gruss & Son v. Lumbermen's Mutual Casualty Co.*, 422 F.2d 1278, 1284 (2d Cir. 1970) (4 percent additional interest on judgment awarded under Fed.R.App.P. 38); *Norfolk County Trust Co. v. Vi-* chinsky, supra (appellee awarded 12 percent interest from time appeal was taken). *Cf.* Supreme Court Rule 56(2) (where appeal is brought merely for delay, "damages at a rate not exceeding 10 percent, in addition to interest, may be awarded upon the amount of the judgment").

pellee's pro se motion for costs and damages under D.C.App.R. 38 is one appropriately filed within this twenty-one day period. While it would be preferable for motions to be filed as early as possible within this twenty-one day period, it would be overly technical for this court to deny appellee's motion merely because it was filed on the twenty-first day after this court ordered the appeal dismissed. *See Pettaway v. United States,* D.C.App., 390 A.2d 981, 984 (1978) (this court will be indulgent with pro se pleadings). Furthermore, permitting appellee to file her motion after dismissal of the appeal does not, on this record, prejudice appellant. One who files a frivolous appeal is in no position to claim it is unfair or inequitable for this court to consider a Rule 38 motion which was filed within a reasonable time after their frivolous appeal was dismissed.

 Having examined the record, we conclude that the appeal was frivolous and very likely interposed for delay. Appellee is entitled to recover single costs under D.C.App.R. 38. However, the damages she seeks in her motion are not recoverable because they are not attributable to the fact that the frivolous appeal was filed. If appellee had been represented by counsel, she would have been entitled to recover reasonable attorney's fees. That not being the case here, appellee is entitled to costs only. Appellant is hereby assessed single costs, to be paid promptly to appellee after she files an itemized list of costs with the clerk of this court.