**BEVERLY COURT COOPERATIVE, INC., Appellant,**

v.

**Opal OWENS, Appellee.**

**Nos. 80–1138, 81–835.**

District of Columbia Court of Appeals.

Sept. 15, 1982.

Before NEWMAN, Chief Judge, and KELLY and MACK, Associate Judges.

### ORDER

PER CURIAM.

On consideration of the motion of Beverly Court Cooperative, Inc. for costs on appeal and of the opposition thereto, it is

ORDERED that the motion for costs is granted only to the extent that the $25 docketing fee is awarded as costs to Beverly Court Cooperative, Inc. and denied in all other respects. The request for award of costs of transcript preparation is referred to the Superior Court for its consideration pursuant to Rule 39(g) of the General Rules of this court.

Separate statement of NEWMAN, C. J., dissenting:

NEWMAN, Chief Judge, dissenting:

This court grants only so much of appellee's petition for costs and attorney fees as constitutes the filing fee of $25.00. It thereby denies the cost of transcript and attorney's fees.*

This appeal was *totally* frivolous. No reasonable person given *professional* legal advice could have rationally believed that there was any likelihood of success on appeal. Thus, we have authority under D.C. App.R. 38 to grant the petition for costs and reasonable attorney's fees. *Tupling v. Britton,* D.C.App., 411 A.2d 349 (1980).

* Parenthetically, under D.C.App.R. 39(b) and (g), appellee is entitled to have costs including filing fees, reporter's transcript and costs of the record, among other items taxed in the Superi-

Like most appellate courts, this court is burdened by an increasing backlog. With the help of the organized bar, we are struggling to find solutions to this problem. Our failure to impose appropriate sanctions to discourage frivolous appeals, *particularly* where counsel on this frivolous appeal is the same person who was counsel on the frivolous appeal in *Tupling v. Britton,* is counterproductive of this effort, a defalcation of our responsibility, and is, to me, disheartening in the extreme.

I respectfully, but most forcefully, dissent.

or Court, since it prevailed on appeal. I assume that my colleagues' order is without prejudice to appellee recovering these items in the Superior Court.