**Charles C. PARSONS, Appellant,**

v.

**Thomas P. MAINS, Appellee.**

**No. 89–1283.**

District of Columbia Court of Appeals.

Argued Sept. 21, 1990.

Decided Oct. 16, 1990.

happened within the fortnight preceding the fatal shooting, and were thus far more revealing

Charles C. Parsons, pro se.

B. Michael Rauh, with whom Carroll D. Hauptle, Jr., Washington, D.C., was on the brief, for appellee.

Before FERREN, TERRY and FARRELL, Associate Judges.

PER CURIAM:

The trial judge dismissed this suit for breach of contract and conversion for lack of personal jurisdiction, rejecting plaintiff-appellant's argument that the District of Columbia "Long Arm Statute," specifically D.C.Code § 13–423(a)(4) (1989), provides jurisdiction over the defendant-attorney because he concededly has been counsel of record in two or three actions (unrelated to this suit) brought in District of Columbia courts over the past ten years, two of them since 1986. We affirm.

D.C.Code § 13–423(a) provides in relevant part:

> A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—
>
> \*   \*   \*   \*   \*   \*
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other *persistent course of conduct,* or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.... [Emphasis added.]

This court has had almost no occasion to discuss § 13–423(a)(4), although it has implied that the scope of the section is "much narrower" than the reach of, for example, § 13–423(a)(1) ("transacting any business"). *Mouzavires v. Baxter,* 434 A.2d 988, 991 (D.C.1981) (en banc) (discussing construction by Maryland courts of provision akin to § 13–423(a)(4), and noting that Congress

with regard to the motivation of the principals on the day of the crime.

intended to vest courts of the District with jurisdictional reach identical to that in effect in Maryland), *cert. denied,* 455 U.S. 1006, 102 S.Ct. 1643, 71 L.Ed.2d 875 (1982); *see also Crane v. Carr,* 259 U.S.App.D.C. 229, 233–34, 814 F.2d 758, 762–63 (1987).

It is unnecessary for us to probe the reach of § 13–423(a)(4) in this case, however,[1] for it is apparent from its language that, at the very least, it requires contacts within the District of a more continuous nature than plaintiff alleged. Both parties agree with the following explication of the statutory language by Judge Flannery in *Security Bank v. Tauber,* 347 F.Supp. 511 (D.D.C.1972):

> [T]his Court is impressed with the apparent Congressional intent to confine the minimum contacts set out in this section of the statute to those contacts which are continuing in nature. The statute does not say "doing business" or even "doing substantial business". Rather it clearly specifies *"regularly* doing business". Moreover, the statute does not say "engages in a course of conduct" or even "engages in a significant course of conduct". Instead, Congress, consistent with their use of "regularly" above, specifies "a *persistent* course of conduct". The use of "persistent" and "regularly" to describe the type of contact contemplated indicates that Congress was more concerned with a *continuing* contact than with the impact or substance of a single contact. Therefore, the minimal contacts with the District that are required should at least be continuing in character.

*Id.* at 515 (emphasis in original). This conforms with the applicable dictionary definition of "persistent" as "existing for a long or longer than usual time or continuously." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1971 ed.).

Plaintiff had the burden of establishing personal jurisdiction. *Reuber v. United States,* 242 U.S.App.D.C. 370, 383, 750 F.2d 1039, 1052 (1984); *see McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 182, 189, 56 S.Ct. 780, 782, 785, 80 L.Ed. 1135 (1936). He concedes that defendant resides in Virginia and conducts the great bulk of his practice of law there. Indeed, in response to defendant's motion to dismiss, plaintiff alleged only that defendant had entered his appearance twice in the District of Columbia courts, the first time in 1986 as lead counsel in a medical malpractice action filed in United States District Court, and the second as lead counsel in a similar action originally filed in Superior Court and then removed to District Court.[2] Both actions had been stayed pending proceedings elsewhere. In reply to this opposition, defendant filed an affidavit which stated that "in the past ten years or more, he [had] been counsel of record in only three matters in the District of Columbia"; that "this involvement constitutes an insignificant fraction of his caseload, which presently approximates 75 matters"; and that "he neither solicits business nor advertises his services in the District of Columbia, nor did he do so at any time relevant to this matter." In further response, plaintiff did no more than characterize defendant's role as "counsel in two cases which are still pending in the courts of this jurisdiction, one of which has remained open since 1986," as "enjoy[ing] the benefits of a lengthy, continuous and persistent course of business in the District courts. . . ."

We do not agree. Whatever the concept of a "continuous and persistent course of business" means, it is not satisfied by the defendant's entry of an appearance as counsel in two or at most three matters over a conceded period of ten years or longer.[3] Indeed, plaintiff admits as much

---

1. Nor is it necessary for us to consider the defendant-appellee's alternative argument that plaintiff failed to establish an injury within the District of Columbia.

2. Plaintiff requested, in the event that defendant "seriously contests his persistent course of conduct in the District of Columbia courts," that "discovery be granted to more fully explore Mr. Mains' long standing involvement in litigation

here." After defendant replied with the affidavit summarized in the text, *infra,* however, plaintiff did not renew his request for discovery, and we find no error by the trial judge in this respect.

3. We do not hold that there may never be circumstances where an attorney's appearance in a single case or course of litigation (or two) meets the "persistent course of business" requirement

by arguing that a "single act" is enough under the relevant Virginia long arm statute, and that this court's in personam jurisdiction was intended to be "equivalent in scope" to that in Virginia and Maryland, citing *Rose v. Silver,* 394 A.2d 1368, 1369 (D.C.1978). The fallacy in this argument is that the Virginia case on which plaintiff relies dealt with Virginia's "transacting any business" provision, the equivalent of D.C.Code § 13–423(a)(1). *See Kolbe, Inc. v. Chromodern Chair Co.,* 211 Va. 736, 740, 180 S.E.2d 664, 667 (1971); *see also Willis v. Semmes, Bowen & Semmes,* 441 F.Supp. 1235, 1240 (E.D.Va.1977). In contrast to § 13–423(a)(1), which we have held to be coextensive with the Constitution's due process limit, *Mouzavires, supra,* 434 A.2d at 990–92; *Rose v. Silver, supra,* "the drafters of [§ 13–423(a)(4)] apparently intended that [this] subsection would not occupy all of the constitutionally available space." *Crane v. Carr, supra,* 259 U.S.App.D.C. at 233, 814 F.2d at 762; *see Mouzavires, supra,* 434 A.2d at 991. The "plus factor" or additional component the drafters required, *Crane v. Carr, supra,* demands proof significantly beyond the several acts alleged by plaintiff as forming the jurisdictional predicate in this case.

Accordingly, the order of the Superior Court dismissing the action is hereby

*Affirmed.*[4]

---

regardless of the length or intensity of the involvement, but we emphasize that we do not have such a case before us.

4. Although this court may award reasonable attorney's fees upon a finding that an appeal is frivolous, D.C.App.R. 38 (1989); *Tupling v. Brit-*

---

*ton,* 411 A.2d 349 (D.C.1980), we conclude that such a finding is inappropriate in this case given the few cases in which we have heretofore construed § 13–423(a)(4).

