RZANCA v LDI, INC

Docket No. 170253. Submitted January 17, 1995, at Grand Rapids. Decided April 21, 1995, at 9:05 A.M.

Joseph Rzanca, Jr., received an open award of worker's compensation benefits payable by LDI, Inc., and Hartford Accident & Indemnity Company following proceedings before a magistrate of the Bureau of Worker's Disability Compensation. The Worker's Compensation Appellate Commission affirmed the award and, pursuant to MCL 418.861b; MSA 17.237(861b), ordered the defendants to pay the plaintiff's costs and attorney fees. The defendants appealed.

The Court of Appeals *held:*

1. The commission erred in awarding costs and attorney fees to the plaintiff. MCL 418.861b; MSA 17.237(861b) allows the commission to assess costs upon determining that a claim for review or a proceeding related to the claim was vexatious. A claim or proceeding is vexatious under § 861b where, among other things, the claim is pursued without any reasonable basis for belief that there is a meritorious issue to be determined on appeal. In determining that the defendants failed to frame the issue for review properly when they did not cite in their brief the applicable statutory standard of review, the commission implied that the defendants' appeal lacked merit and therefore was vexatious. However, the failure to frame an issue properly does not mean that the issue raised is frivolous or lacks merit. Accordingly, where, as here, an appellant has a substantively meritorious argument that is framed inappropriately, there can be no finding of vexatiousness and no award of costs under § 861b.

2. The defendants did not challenge the commission's finding that the magistrate's award of benefits was supported by the requisite evidence. Therefore, that finding must be affirmed.

Affirmed in part and reversed in part.

REFERENCES

Am Jur 2d, Workers' Compensation §§ 686, 722.
See ALR Index under Workers' Compensation.

WORKER'S COMPENSATION — WORKER'S COMPENSATION APPELLATE
    COMMISSION — VEXATIOUS APPEALS — AWARDS OF COST.
    An appellant's failure to frame properly an issue for review by
    the Worker's Compensation Appellate Commission does not
    mean automatically that the issue is frivolous or lacks merits
    so as to warrant an award of costs to the appellee (MCL
    418.861b; MSA 17.237[861b]).

*Benefiel, Farrer & Glista* (by *Fredrick J. Farrer*),
for the plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Elizabeth
Roberts Verhey*), for the defendants.

Before: SAWYER, P.J., and BANDSTRA and R. B.
BURNS,* JJ.

PER CURIAM. Defendants LDI, Inc., and Hartford
Accident & Indemnity Company appeal by leave
granted orders by the Worker's Compensation Ap-
pellate Commission affirming the decision award-
ing benefits to plaintiff Joseph Rzanca, Jr., and
imposing costs. We reverse the imposition of costs
and attorney fees.

Defendants claimed an appeal to the WCAC from
a magistrate's decision granting plaintiff an open
award of benefits. In their brief filed with the
WCAC, defendants stated the issue for review as
follows:

    The decision of the magistrate granting the
    plaintiff compensation benefits was improper and
    should be reversed where the plaintiff has not
    proven by a preponderance of the evidence that
    his disability is the result of his employment with
    the defendant LDI.

The WCAC observed that defendants had failed to

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

make any reference whatsoever to the applicable standard of review found in MCL 418.861a(3); MSA 17.237(861a)(3). The WCAC found that defendants were attempting to relitigate the issue and reargue the facts. The WCAC noted that even if the issue had been properly before it, it would have affirmed the magistrate's decision. Concluding that defendants failed to properly raise an issue on appeal and citing MCL 418.861b; MSA 17.237(861b), the WCAC granted plaintiff thirty days to provide a list of reasonable costs, including attorney fees.

Plaintiff submitted a statement of costs and attorney fees on appeal totaling $1,875. The WCAC awarded plaintiff costs and attorney fees in the amount of $1,000.

MCL 418.861b; MSA 17.237(861b) provides:

> The commission, upon its own motion, or the motion of any party, may dismiss a claim for review, assess costs, or take other disciplinary action when it has been determined that the claim or any of the proceedings with regard to the claim was vexatious by reason of either of the following:
>
> (a) That the claim was taken for purposes of hindrance or delay or without any reasonable basis for belief that there was meritorious issue to be determined on appeal.
>
> (b) That any pleading, motion, argument, petition, brief, document, or appendix filed in the cause or any testimony presented in the cause was grossly lacking in the requirements of propriety or grossly disregarded the requirements of a fair presentation of the issues.

Defendants argue that the WCAC lacked authority to impose costs and attorney fees absent a determination that the claim for review was vexatious. A claim for review can be found to be vexatious only if the requirements of either

§ 861b(a) or (b) are met. The WCAC made no determination that the claim was vexatious. It concluded only that an issue had not been properly raised because the issue as framed did not refer to the correct standard of review. Defendants contend that the WCAC could not have found that the claim was vexatious. The brief set forth the burden of proof that plaintiff was required to meet before the magistrate and maintained that plaintiff had not met the burden. The brief did not misquote the standard by which the WCAC reviews a decision of a magistrate; rather, it simply did not quote § 861a(3).

The WCAC correctly noted that defendants did not frame the issue for review in terms of the WCAC's standard of review and did not otherwise refer to that standard of review. Simply stated, defendants referred to the wrong standard of review. The WCAC equated this erroneous reference to a failure to properly raise an issue on appeal. In order to support an award of costs under § 861b, the WCAC must have meant that defendants failed to present a meritorious issue for review. The WCAC used such language in *Nichols v Perry Drug Stores, Inc,* 1993 WCACO 982, and *Samuel v General Motors Corp,* 1993 WCACO 38, two cases on which it relied to support its decision in the instant case.

We reverse that portion of the WCAC's decision imposing costs and attorney fees. In order to characterize, by implication and citation to § 861b, the appeal as vexatious, the WCAC's finding that defendants failed to properly raise an issue on appeal must have meant that the issue raised was not meritorious, i.e., frivolous. However, the failure to properly frame an issue does not automatically mean that the issue raised is frivolous and does not necessarily equate to a failure to raise a

meritorious issue. An argument such as that raised in the appeal to the WCAC in the instant case, i.e., that the magistrate's decision was not supported by the requisite evidence, may in fact be meritorious in that the evidence to support the decision might be lacking. The WCAC must, of course, apply the appropriate legal test in determining whether there was sufficient evidence to support the magistrate's decision. However, if an appellant has an otherwise tenable argument regarding the sufficiency of the evidence, the failure to frame the issue using the appropriate legal test does not render the claim frivolous. Accordingly, where, as here, an appellant has a substantively meritorious argument that is framed inappropriately, there can be no finding of vexatiousness and no award of costs under § 861b.

Further, attorney fees may not be awarded as an element of costs or damages unless expressly allowed by statute, court rule, or a recognized exception. *Brooks v Rose,* 191 Mich App 565, 574-575; 478 NW2d 731 (1991). In worker's compensation practice, costs are distinct from attorney fees. MCL 418.858; MSA 17.237(858). Section 861b does not provide for an award of attorney fees. The WCAC had no authority to award attorney fees in this case.

Defendants have not challenged the WCAC's finding that the magistrate's award of benefits was supported by the requisite evidence. We affirm that portion of the WCAC's decision.

Affirmed in part and reversed in part.