McINTOSH v CHRYSLER CORPORATION

DRAKOS v GENERAL MOTORS CORPORATION

Docket Nos. 159776, 161829. Submitted October 13, 1994, at Detroit. Decided August 1, 1995, at 9:10 A.M.

Antoinette McIntosh sought worker's disability compensation benefits for injuries arising out of an industrial accident that occurred on February 19, 1990, in the course of her employment with Chrysler Corporation. A magistrate determined that McIntosh had failed to establish that she suffered a continuing disability after December 6, 1990, the date that Chrysler's examining physician found no objective clinical findings indicating that McIntosh was incapable of returning to work. The magistrate's determination that there was no continuing disability was based on the inconsistent testimony given by McIntosh and her failure to submit to certain diagnostic procedures requested by Chrysler's physician. McIntosh appealed, and the Worker's Compensation Appellate Commission affirmed the limited award of benefits and further held that the appeal was vexatious under § 861b of the Worker's Disability Compensation Act, MCL 418.861b; MSA 17.237(861b), because the decision of the magistrate had clear and unequivocal support in the evidence in the record and the appeal was a mere attempt to reargue the evidence. McIntosh appealed by leave granted.

Joanna Drakos sought worker's disability compensation benefits for injuries arising out of an industrial accident that occurred in the course of her employment with General Motors Corporation. A magistrate awarded Drakos continuing benefits for injuries to her knee and wrist and total disability beginning on her last day of work, July 27, 1989. General Motors appealed, arguing that Drakos' disabilities were attributable to an injury in 1984, that the magistrate had not considered the evidence concerning the earlier injury, that the magistrate's findings of fact were not supported by competent, material, and substantial evidence on the whole record, and that the Worker's Compensation Appellate Commission should make its own findings of fact and award benefits based on the earlier disability date and lower rate. Unfortunately, General Motors in support of its assertion that the appellate commission should make new

findings of fact cited the statutory section dealing with a magistrate's obligation to evaluate the evidence, although the correct reference to the appropriate section dealing with review by the appellate commission was cited later in the brief. A majority of the appellate commission concluded that General Motors had failed to address the question of the appropriate standard of review to be employed by the appellate commission, concluded that the findings of fact made by the magistrate were supported by competent, material, and substantial evidence, found that the appeal was vexatious under § 861b of the Worker's Disability Compensation Act because General Motors had presented no meritorious issues but rather merely had argued an alternative reading of the evidence, and awarded as costs for the vexatious appeal actual attorney fees. General Motors appealed by leave granted.

The Court of Appeals *held:*

1. In each of these cases, the appellate commission equated an attempt by the appealing party to raise the question whether the magistrate's decision was supported by competent, material, and substantial evidence as being only an attempt to rehash the evidence. However, in the McIntosh case, authority was cited for the proposition that a magistrate should give greater weight to the testimony of an employee's treating doctor than to the testimony of an employer's examining physician and attention was drawn to the fact that the magistrate ignored certain medical testimony. In the Drakos case, despite the appellate commission's determination to the contrary, General Motors did address the question of the proper standard of review by the appellate commission and then proceeded to argue that the appellate commission was required to make its independent findings of fact because the findings of the magistrate were not supported by competent, material, and substantial evidence on the whole record by reason of the failure of the magistrate to consider all the evidence.

2. A determination that an appeal is vexatious requires more than a mere assessment that the issues raised on appeal are not meritorious. An appeal is vexatious under § 861b where it is taken for the purpose of hindrance or delay or without a reasonable belief that there is a meritorious issue or where it is lacking in the requirements of propriety or grossly disregards the requirements of fair presentation. An issue, even though found on appeal not to be meritorious, will not form the basis for a finding that the appeal is vexatious as long as the issue is not frivolous. An issue is not frivolous where there is a dearth of clear Michigan authority, but an issue is frivolous where it is

so one-sided that no reasonable lawyer would contest it in good faith.

3. Because it cannot be said that there was no reasonable basis for a belief by the appealing parties that the issues raised in their appeals to the appellate commission were meritorious, those appeals were not vexatious within the meaning of § 861b. Accordingly, the orders declaring those appeals to be vexatious and assessing costs on the basis of a vexatious appeal must be vacated.

Orders vacated.

*Levine, Benjamin, Tushman, Bratt, Jerris & Stein, P.C.* (by *Charles P. Burbach*), for Antoinette McIntosh.

*Lacey & Jones* (by *Michael T. Reinholm*), for Chrysler Corporation.

*Plunkett & Cooney, P.C.* (by *Paul F. Paternoster*), for General Motors Corporation.

Before: GRIBBS, P.J., and WHITE and J. F. FOLEY,* JJ.

PER CURIAM. These companion cases concern the proper application of the "vexatious appeal" provisions of MCL 418.861b; MSA 17.237(861b). We conclude that the Worker's Compensation Appellate Commission (WCAC) applied an erroneous standard and reverse.

I

A

In Docket No. 159776, Antoinette McIntosh appeals by leave granted an opinion and order of the WCAC finding her appeal to be vexatious.

The parties stipulated that McIntosh injured her lower back, right arm and leg, and left wrist

---

* Circuit judge, sitting on the Court of Appeals by assignment.

during a slip and fall accident while working for Chrysler Corporation on February 19, 1990. The only question at the hearing was whether McIntosh suffered a continuing disability after December 6, 1990, when Dr. Lele, Chrysler's examining physician, reported no objective clinical findings and indicated that McIntosh was capable of returning to work. Following the hearing, the magistrate concluded that McIntosh had not proven that her "compensable disability continued beyond the date of Dr. Lele's examination of December 6, 1990." The magistrate found of equal probative value the testimony of Dr. Lele and the testimony of McIntosh's treating chiropractor, Dr. Eisman. What tipped the scale in the magistrate's opinion was McIntosh's inconsistent and contradictory testimony and her suspicious refusal to cooperate when examined by Dr. Lele. McIntosh refused to attempt to bend forward, stating that it would hurt her, but she did forward flexion movements for Dr. Eisman and for another of her examiners, Dr. Goldman. Further, McIntosh refused to let Dr. Lele take x-rays, insisting that she would send x-rays that had been taken earlier; the x-rays were never sent. Finally, the magistrate gave little probative value to the testimony of Dr. Goldman, finding it to be too compliant.

On appeal, the WCAC affirmed the limited award of benefits to December 6, 1990, but found McIntosh's appeal to the WCAC to be vexatious because it "is in fact merely an attempt to reargue the evidence." The WCAC noted further:

In this case, the decision of the magistrate is clearly and unequivocally supported by the requisite evidence for our affirmance. MCL 418.861a(3). This includes, in particular, the magistrate's explicit difficulties with plaintiff's credibility and the testimony of defense expert Dr. Shrirang Lele. We

will not displace the magistrate's choice of reasonable medical testimony. Although the magistrate often places greater weight on the testimony of treating physicians, he is not compelled to do so. *Jones v General Motors Corp,* 1992 WCACO 151. The magistrate went to the heart of his problems with plaintiff's claim by stating as follows in his opinion:

"Even though the plaintiff is not required to prove her claim beyond the shadow of a doubt, she must prove that claim by a preponderance of the evidence. A preponderance of the evidence does not simply mean making an allegation but rather, providing substantive evidence in support of that allegation unless that testimony is so clear and convincing so as to make the production of substantive evidence unnecessary."

This Commission has rarely assessed costs because an appeal is vexatious. Section 861b should only be employed in those circumstances where it is clear that the incurring of additional legal costs and the use of valuable counsel and administrative time has no legally reasonable chance of producing a change in the result. An appeal claiming lack of competent, material and substantial evidence on a record obviously replete with such evidence meets the stringent test of Section 861b. Section 861b was passed by the Legislature precisely to inhibit such abuse of the legal system.

B

In Docket No. 161829, General Motors Corporation appeals by leave granted opinions and orders of the wcac that found its appeal to the wcac to be vexatious and awarded attorney fees to Joanna Drakos as costs for that vexatious appeal pursuant to the statute.

A magistrate awarded Drakos continuing worker's disability compensation benefits for work-related injuries to her right knee and wrist and for

total disability beginning on her last day of work, July 27, 1989. In its brief on appeal before the WCAC, General Motors argued that Drakos' disabilities were attributable to an injury in 1984, stating:

> [T]here is no indication that the Magistrate considered all of the evidence for and all of the evidence against his determination that defendant should be liable for an earlier injury date. In fact, he said nothing at all about the possibility that the injury date was the same one that defendant had already paid plaintiff for.

Accordingly, General Motors contended that the magistrate's findings of fact were not supported by competent, material, and substantial evidence on the whole record and that the WCAC should make its own findings of fact and award benefits based on the earlier disability date and lower rate. Unfortunately, General Motors' brief referred to MCL 418.861a(4), (13); MSA 17.237(861a)(4), (13) as setting forth the *magistrate's* obligation to evaluate the evidence. However, on the same page, General Motors correctly cited that statute as setting forth the WCAC's scope of review of a magistrate's findings of fact.

A majority of the WCAC concluded that "defendant fails to address our standard of review, preferring to argue instead its version of the trial testimony." Without addressing the issue General Motors raised regarding the injury date, the WCAC majority affirmed the magistrate's decision, concluding:

> Upon review of the record in this matter, we conclude that the findings of fact made [by] the magistrate are supported by competent, material and substantial evidence and are therefore conclusive upon us.

The WCAC majority then found that General Motors' appeal was vexatious under § 861b:

> We believe that the appellate brief filed by defendant-appellant in this case did not present meritorious issues for our review. Parties must be put on notice that this Commission will no longer turn a blind eye towards vexatious appeals. When faced with appeals that ignore our standard of review and merely argue an alternative reading of the evidence presented below, we will not hesitate to assess costs.

The WCAC invited Drakos to move for assessment of reasonable costs. Drakos' bill of costs claimed no costs, but did claim a statutory attorney fee under MCL 600.2441; MSA 27A.2441 and "actual attorney fees" in the amount of $8,902.86. The WCAC awarded the latter amount as costs pursuant to § 861b.

II

We reverse in both cases, concluding that the WCAC applied an incorrect standard in finding that the appeals were vexatious.

A

In Docket No. 159776, although McIntosh may have sought to reargue the evidence, subsections 3, 4, and 13 of § 861a call on the WCAC to conduct a quantitative and qualitative analysis on the whole record and give a full, thorough review of it. Moreover, McIntosh's brief did more than rehash the evidence. It is true that the first part of McIntosh's argument was mostly a rehash of her statement of facts. However, McIntosh's brief went on to make some valid arguments of law. She cited

case authority for her contention that the magistrate should have given more weight to the testimony of her *treating* doctor, Dr. Eisman, rather than to the testimony of Dr. Lele, the physician who examined her only one time. Further, McIntosh refuted the magistrate's suggestion that she gave inconsistent or different complaints to the two doctors. McIntosh also pointed out that the magistrate ignored the testimony of Dr. Goldman and his objective findings based on an electromyelogram. Even Dr. Lele admitted that an electromyelogram definitely assists in confirming a diagnosis. These are reasonable points of argument in an appeal process that stresses a qualitative and quantitative review of the evidence for substantial evidence.

An attorney could look at the evidence presented and at arguments of the kind McIntosh raised and think that perhaps substantial evidence was not presented. In a case such as this, an attorney and a client should not be confronted by the risk that if the WCAC disagrees and accepts the magistrate's findings as supported by competent evidence, the appeal will be deemed vexatious and costs will be assessed.

B

In Docket No. 161829, General Motors raised and argued a plausible issue that Drakos' disability was attributable to conditions in 1984, rather than to conditions at the time of her last day of work in 1989. Determinations of a date of injury and a date of disability are critical issues not only in determining which employer or insurer is liable, but also in fixing the amount of compensation. See *Dressler v Grand Rapids Die Casting Corp*, 402 Mich 243; 262 NW2d 629 (1978). The WCAC appar-

ently did not perceive that General Motors raised this issue.

The WCAC also mistakenly noted that "defendant fails to address our standard of review." The correct standard of review was stated in General Motors' brief.

Further, the WCAC criticized General Motors for "preferring to argue instead its version of the trial testimony" and "argu[ing] an alternative reading of the evidence." According to the WCAC, these kinds of claims on appeal are vexatious. However, when these kinds of claims are made in the context of an argument that the magistrate's decision is not supported by competent, material, and substantial evidence on the whole record, the WCAC is obliged to engage in a qualitative and quantitative analysis of the evidence contained in the whole record and ensure a thorough and fair review of that evidence. That is the WCAC's obligation in its administrative appellate review of the findings of fact of a magistrate. *Holden v Ford Motor Co,* 439 Mich 257, 266, 269; 484 NW2d 227 (1992); MCL 418.861a(3), (4), (13); MSA 17.237(861a)(3), (4), (13). An "alternative reading of the evidence presented below" may be part of a legitimate issue before the WCAC when it is tied to a claim that the magistrate's findings of fact are not supported as required by § 861a(3).

III

In Docket No. 161829, the WCAC found that General Motors' appeal was vexatious because its brief did not present meritorious issues for review. This is not a ground for declaring an appeal vexatious. Vexatious appeals require more than the WCAC's assessment that the issues raised on appeal are not meritorious. Section 861b states

that an appeal is vexatious if the "appeal was taken for purposes of hindrance or delay or without any reasonable basis for belief that there was a meritorious issue to be determined on appeal" or if a presentation in the appeal "was grossly lacking in the requirements of propriety or grossly disregarded the requirements of a fair presentation of the issues." A finding that the issues are not meritorious does not necessarily mean that the appeal was taken without any reasonable basis for belief that there were meritorious issues to be determined, as long as they are not frivolous. See *Wayne Co Jail Inmates v Wayne Co Chief Executive Officer,* 178 Mich App 634, 666; 444 NW2d 549 (1989).

Except for the absence of a provision for assessing attorney fees, § 861b is virtually identical to the vexatious appeal provisions of the general court rules, MCR 7.101(P), 7.105(N), 7.216(C), and 7.316(D). The provisions are also similar to the sanctions rule of MCR 2.114(E). Accordingly, uniform standards have been applied to all of the subrules. See *Briarwood v Faber's Fabrics, Inc,* 163 Mich App 784, 795; 415 NW2d 310 (1987). Some general principles have been drawn: Sanctions should be applied only "in plain cases." *In re Marx's Estate,* 201 Mich 504, 511; 167 NW 976 (1918). The abuse of the appellate process must be clear. *DAIIE v Ayvazian,* 62 Mich App 94, 103; 233 NW2d 200 (1975). A question raised on appeal is vexatious if the result is apparent and should have been apparent even to the appellant. *In re Greening Estate,* 9 Mich App 22; 155 NW2d 696 (1967).

However, that does not mean that if an issue is found to lack merit, the appeal is a vexatious appeal, if the issue is not otherwise frivolous. *Wayne Co Jail Inmates, supra,* p 666. An issue will

not be considered frivolous if there is a dearth of clear Michigan authority. *Cardinal Mooney High School v Michigan High School Athletic Ass'n,* 437 Mich 75, 79; 467 NW2d 21 (1991); *Rice v Naimish,* 8 Mich App 698, 708; 155 NW2d 370 (1967). On the other hand, if the issue is so one-sided that no reasonable lawyer would contest it in good faith, the appeal may be frivolous. *Cardinal Mooney High School, supra.*

Applying these principles, the WCAC applied an incorrect standard and unfairly concluded that appellants in these cases had no reasonable basis for belief that there were meritorious issues to be determined on appeal. The WCAC's orders declaring the appeals to be vexatious are vacated. Further, because the WCAC erred in finding the appeals vexatious, it was error to assess costs for a vexatious appeal, or to reserve the issue of such costs, and those costs are vacated as well.[1]

---

[1] In view of our decision, we need not address the question whether attorney fees are a proper element of costs. We observe, however, that while the WCAC relied on court rules by analogy, the court rules contain language regarding "damages" that the statute does not. See *Rzanca v LDI, Inc,* 209 Mich App 711, 715; 531 NW2d 836 (1995).