# STATE OF MICHIGAN

# COURT OF APPEALS

RODNEY COLLINS,

        Plaintiff-Appellee,

v

DETROIT RADIATOR CORPORATION and
LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

        Defendants-Appellants.

UNPUBLISHED
September 26, 2017

No. 333237
MCAC
LC No. 16-000006

Before: HOEKSTRA, P.J., and Meter and K. F. Kelly, JJ.

PER CURIAM.

In this worker's compensation case, defendants Detroit Radiator Corporation and Liberty Mutual Fire Insurance Company appeal by leave granted[1] an order of the Michigan Compensation Appellate Commission (MCAC). The MCAC order dismissed a claim for review filed by plaintiff Rodney Collins. Notably, in doing so, the MCAC also concluded that defendants' motion for costs and other disciplinary action under MCL 418.861b for vexatious claims was moot. Collins has not appealed the MCAC's decision, and the MCAC's order is affirmed with respect to the dismissal of Collins's claim for review. However, because defendants' request for costs and disciplinary action is not moot, we reverse the MCAC's mootness determination and remand for consideration of defendants' motion under MCL 418.861b.

The present case is a worker's compensation case arising from a back injury that Collins suffered in 1993 while working for defendant Detroit Radiator Corporation. Relating to this same injury, Collins has filed 14 applications for mediation or a hearing before the Bureau of Workers' Disability Compensation. In connection with Collins's first application, in 1995, a magistrate determined that Collins suffered a lumbosacral sprain, but that his injury did not

---

[1] *Collins v Detroit Radiator Co*, unpublished order of the Court of Appeals, entered November 3, 2016 (Docket No. 333237). This Court also granted a motion by non-party American International Group to file a brief amicus curiae. *Collins v Detroit Radiator Co*, unpublished order of the Court of Appeals, entered January 19, 2017 (Docket No. 333237).

-1-

involve "a long term incapacity." Consequently, the magistrate did not order ongoing benefits, but awarded Collins benefits "for a closed period from June 16, 1993 to September 24, 1993."

Beginning in January of 2003, proceeding *in propria persona*, Collins filed 13 additional applications for mediation or a hearing. The various applications were dismissed by a magistrate, most often based on res judicata, or the applications were withdrawn. In several instances, Collins sought review before the Worker's Compensation Appellate Commission (WCAC) or the MCAC, but those various claims for review were dismissed either because Collins's failed to show that his applications should be reinstated or because he failed to abide by the applicable rules and procedures, including failure to file proof of service and failure to timely file a transcript of the magistrate proceedings. On one occasion, Collins attempted to file an appeal to this Court, but we dismissed for lack of jurisdiction because Collins failed to file his application for leave to appeal in the required timeframe.[2]

The current appeal relates to Collins's most recent application, which he filed in March of 2015. In response to this application, in addition to requesting dismissal of Collins's claim, defendants asked the magistrate to take some disciplinary action to preclude future repetitive and vexatious applications by Collins. The magistrate again dismissed Collins's application based on res judicata, but declined to consider defendants' request for additional relief. Collins then filed a claim for review in the MCAC. Before the MCAC, defendants again sought dismissal of Collins's claim and they filed a motion for costs and other disciplinary action under MCL 418.861b based on the assertion that Collins's claim was vexatious. The MCAC dismissed Collins's claim for review because Collins failed to file a transcript as required by MCL 418.861a(5). Having dismissed Collins's claim for review, the MCAC declined to consider defendants' request under MCL 418.861b, reasoning that defendants' motion was moot.

The issue before us on appeal is whether defendants' motion under MCL 418.861b became moot when the MCAC dismissed Collins's claim for review based on Collins's failure to file a transcript as required by MCL 418.861a(5). We conclude that defendants' motion was not moot. Consequently, we remand for consideration of defendants' motion by the MCAC.

Although judicial review of a decision by the MCAC is limited, questions of law in a workers' compensation case are reviewed de novo. *Arbuckle v Gen Motors LLC*, 499 Mich 521, 531; 885 NW2d 232 (2016). A decision of the MCAC "is subject to reversal if it is based on erroneous legal reasoning or the wrong legal framework." *DiBenedetto v W Shore Hosp*, 461 Mich 394, 401-402; 605 NW2d 300 (2000). Whether an issue is moot poses a question of law, which this Court reviews de novo. *Garrett v Washington*, 314 Mich App 436, 449; 886 NW2d 762 (2016).

"Michigan courts exist to decide actual cases and controversies, and thus will not decide moot issues." *Thomas M Cooley Law Sch v Doe 1*, 300 Mich App 245, 254; 833 NW2d 331 (2013). "A case is moot when it presents only abstract questions of law that do not rest upon

---

[2] *Collins v Detroit Radiator Co*, unpublished order of the Court of Appeals, entered June 17, 2004 (Docket No. 255945).

existing facts or rights." *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998). "An issue is moot if an event has occurred that renders it impossible for the court, if it should decide in favor of the party, to grant relief." *City of Jackson v Thompson-McCully Co, LLC*, 239 Mich App 482, 493; 608 NW2d 531 (2000).

Under MCL 418.859a, a decision of a magistrate may be challenged by filing a claim for review in the MCAC. A party filing a claim for review must file a copy of the transcript of the magistrate hearing within 60 days. MCL 418.861a(5). If the claimant fails to do so, and fails to show a sufficient cause for not meeting this requirement, the MCAC may dismiss the claim for review on this basis. See *Kurtz v Faygo Beverages, Inc*, 466 Mich 186, 194; 644 NW2d 710 (2002). In comparison, under MCL 418.861b, a party may file a motion to assert that the claim or proceedings regarding the claim are vexatious. Specifically, MCL 418.861b states:

> The commission, upon its own motion, or the motion of any party, may dismiss a claim for review, assess costs, or take other disciplinary action when it has been determined that the claim or any of the proceedings with regard to the claim was vexatious by reason of either of the following:
>
> (a) That the claim was taken for purposes of hindrance or delay or without any reasonable basis for belief that there was meritorious issue to be determined on appeal.
>
> (b) That any pleading, motion, argument, petition, brief, document, or appendix filed in the cause or any testimony presented in the cause was grossly lacking in the requirements of propriety or grossly disregarded the requirements of a fair presentation of the issues.

MCL 418.861b is "virtually identical to the vexatious appeal provisions of the general court rules," such as MCR 7.216(C) and MCR 7.316(D), and it is similar to the sanctions authorized by MCR 2.114(E). *McIntosh v Chrysler Corp*, 212 Mich App 461, 470; 538 NW2d 428 (1995). For this reason "uniform standards have been applied to all" of these rules. *Id.*

Generally, a timely request for sanctions or costs may be considered by a court, and granted, even after the underlying claim has been dismissed. See, e.g., *In re Attorney Fees & Costs*, 233 Mich App 694, 699; 593 NW2d 589 (1999) (concluding that costs for frivolous action were properly awarded *after* the trial court granted summary disposition and dismissed the action); *Maryland Cas Co v Allen*, 221 Mich App 26, 29-31; 561 NW2d 103 (1997) (finding sanctions under MCR 2.114(E) properly ordered *after* court granted summary disposition). See also MCR 7.211(C)(8) (noting that a motion requesting sanctions in this Court under MCR 7.216(C) must be brought "within 21 days *after* the date of the order or opinion that disposes of the matter that is asserted to have been vexatious") (emphasis added). And, considering the plain language of MCL 418.861b in particular, nothing in the statute suggests that a motion for costs or other disciplinary action becomes moot upon the dismissal of the underlying claim for failure to file a transcript under MCL 418.861a(5). Quite simply, a dispute over whether the claim or any of the proceedings were vexatious within the meaning of MCL 418.861b is not resolved by dismissal of the underlying claim. Thus, as a general matter, we can discern no reason why the dismissal of a claim for failure to file a transcript should categorically prevent a party from

receiving costs or other disciplinary action based on a timely and otherwise proper motion for sanctions under MCL 418.861b.

More specifically, in this case, whether Collins's claim and the related proceedings were vexatious is not an abstract question of law; nor did the dismissal of Collins's claim render it impossible for the MCAC to grant relief to defendants. Although Collins's underlying claim has been dismissed, the fact remains that defendants responded to his most recent claim for review in the MCAC and that defendants incurred costs in the process. As set forth in MCL 418.861b, if it is determined that a claim or any of the proceedings with regard to the claim was vexatious, the MCAC has the authority to grant relief. Specifically, the MCAC may "dismiss a claim for review, assess costs, or take other disciplinary action." MCL 418.861b. Considering these three possibilities, obviously, if a claim of review is dismissed for failing to filing a transcript under MCL 418.861a(5), it cannot be dismissed a second time based on the conclusion that the claim was vexatious within the meaning of MCL 418.861b. Nevertheless, two additional remedies remain, neither of which are foreclosed by the dismissal of Collins's underlying claim for failing to file a transcript. Given these remaining sanctions, the dismissal of Collins's claim did not make it impossible for the MCAC to grant relief because the MCAC could still have (1) assessed costs or (2) taken other disciplinary action. See MCL 418.861b.

Because a controversy remained and the MCAC could grant relief to defendants, the MCAC erred as a matter of law by concluding that this issue was moot and by failing to consider whether Collins's claim or the proceedings regarding his claim were vexatious within the meaning of MCL 418.861b. Consequently, we reverse the MCAC's conclusion that defendants' request for relief was moot and we remand for consideration of defendants' motion under MCL 418.861b.[3]

Affirmed in part, reversed in part, and remanded for further proceedings. We do not retain jurisdiction. Having prevailed in full, defendants may tax costs under MCR 7.219.

/s/ Joel P. Hoekstra
/s/ Patrick M. Meter
/s/ Kirsten Frank Kelly

---

[3] On appeal, defendants ask that we find that Collins's claim for review in the MCAC was vexatious and that we impose costs under MCL 418.861b. However, we are not a fact-finding body, and this factual determination is best left to the MCAC in the first instance. *Wright v Thumb Elec Co-op*, 49 Mich App 714, 717-718; 212 NW2d 607 (1973). See also *BJ's & Sons Const Co, Inc v Van Sickle*, 266 Mich App 400, 414 n 15; 700 NW2d 432 (2005) (opinion by SAAD, J.); *Dillon v DeNooyer Chevrolet Geo*, 217 Mich App 163, 169; 550 NW2d 846 (1996).